## R. D. GILLENWATERS AND WIFE v. B. F. SCOTT.

(Case No. 1696.)

1. PROBATE SALE.— An application to a probate court to sell land of an estate, which states no other reason for the sale thereof than that it should on account of its condition be sold with advantage to the estate, without stating any statutory ground, affords no reason for ordering such sale.

2. SAME — ADMINISTRATOR'S SALE.— When, however, a sale of land belonging to an estate was made on such an application, under the act of August 15, 1870, which was silent as to stating in the application the necessity for the sale, and it appeared that at the time debts against the estate existed, which the purchase money realized did not satisfy, and that the estate was honestly administered, such a sale was not void, and its confirmation by the court, under facts existing which authorized it, passed with the administrator's deed the title to the purchaser.

3. SAME — COLLATERAL ATTACK.— Jurisdiction having attached, if the sale was
   believed by those interested to have been improperly ordered, the remedy
   was by a direct proceeding to have the order set aside; failing in this no
   relief can be afforded by a collateral attack made in a proceeding against
   the purchaser.
4. SAME — STATUTE CONSTRUED.— This decision is made without reference to
   what would be regarded as the requisites of a valid probate sale of lands,
   under laws now in force.

APPEAL from Cook. Tried below before the Hon. D. E. Barrett,
Special Judge.

The sale was in this case ordered by the district court sitting in
probate. The facts appear from the opinion.

*John A. & P. W. Gardner*, for appellants, cited: Const. 1869,
art. 5, sec. 7, cl. 12, carried into Pasch. Dig. of Laws, 3d ed., vol. 2,
p. 1115; Act of Aug. 15, 1870, Session Acts, 1870, p. 141, carried
into Pasch. Dig., above ed. and vol., p. 1144; Hunton v. Nichols, 55
Tex., 223–5; Finch v. Edmonson, 9 Tex., 513–14; Rose v. Newman,
26 Tex., 134–5; Withers v. Patterson, 27 Tex., 495; Flanagan v.
Pierce, 27 Tex., 79; Francis v. Northcote, 6 Tex., 185; Teal v. Ter-
rell, 48 Tex., 509; Fisk v. Norvel, 9 Tex., 14; Thompson v. Tolmie,
2 Pet. (U. S.), 163–4; Rorer on Judicial Sales, 2d ed., p. 31, sec. 59;
p. 106, secs. 249–50; p. 121, sec. 292; p. 22, sec. 34; p. 160, sec. 378;
Freeman on Void Judicial Sales, pp. 30–2, sec. 11; 4 Kent's Comm.
(11th ed.), pp. 499, 500, star pp. 438–9; Whitmore v. Johnson, 10
Humph. (Tenn.), 613; Frazier v. Pankey, 1 Swan (Tenn.), 79; Mor-
ris v. Richardson, 11 Humph., 389; Baker v. Chisholm, 3 Tex., 157;
Cowan v. Nixon, 28 Tex., 236; Williamson v. Lane, 52 Tex., 335;
Robinson v. Baillieul, 2 Tex., 161; Ewing v. Kinnard, 2 Tex., 164.

That the judgment could be attacked collaterally, they cited:
Stegall v. Huff, 54 Tex., 196; Sayles' Pl. and Pr. (3d ed.), p. 231,
sec. 512, subsec. 21 and numerous citations; Fisk v. Norvel, 9 Tex.,
13; Elliott v. Peirsol, 1 Pet. (U. S.), 340; Freeman on Judg., p. 112,
sec. 117; Rorer on Jud. Sal. (2d ed.), p. 57, sec. 109; pp. 253–4, sec.
608; p. 314, sec. 792; p. 341, sec. 879; p. 352, sec. 925; p. 349, sec. 911;
p. 201, sec. 478; p. 205, sec. 488; p. 163, sec. 38.

*H. E. Eldridge* and *Davis & Garnett*, for appellee, cited: Pasch.
Dig., vol. 2, art. 5715; Lawler v. White, 27 Tex., 253; Freeman on
Judgments, secs. 124, 130, 132; Const. of 1869, art. 5, sec. 7; Guilford
v. Love, 49 Tex., 715; Alexander v. Maverick, 18 Tex., 179; Poor
v. Boyce, 12 Tex., 441; Thompson v. Tolmie, 2 Pet. (U. S.), 162.

STAYTON, ASSOCIATE JUSTICE.— The appellants sue in the right of Mrs. Gillenwaters, as heir of M. A. Elliott, deceased, to recover a part of the property described in the petition. The appellee claims through a sale of the property made by the administrator of Elliott's estate, made under order of the proper probate court, which was duly reported to and confirmed by the court, the entire purchase money having been paid.

It is claimed that the sale was void for the reason that the petition upon which the order of sale was made did not show that debts existed which made the sale necessary.

The petition was evidently defective, and gave reasons why the particular property, on account of its condition, should be sold with advantage to the estate, instead of stating grounds which made the sale of property of the estate necessary.

The grounds upon which real property of an estate may be directed by a probate court to be sold are, that it is necessary to sell to pay debts of an estate, or to partition it among heirs, or for some other purpose made sufficient by the statute. That it may be deemed best for the estate on account of the condition of the property, in the absence of some of the grounds before mentioned, furnishes no reason why a probate court should order real property of an estate to be sold.

The sale in question in this case was made under the act of August 15, 1870, which provided that sales of real property, when it became necessary to sell, should be ordered on the application of the executor or administrator; but that act did not provide, as does the present law, what the application should contain, and it directed that such sales should be made of property which it would be most advantageous to the estate to sell. P. D., 5701, 5702.

The application under which the land was sold set out very fully why it would be advantageous to sell the particular property, but it did not show that debts existed which made the sale necessary.

It, however, appears from the evidence introduced by the appellants, that, at the time the application for the sale was made and granted, claims had been established against the estate of Elliott amounting to about $3,000.

If the law in force was then complied with by the clerk of the court, its records showed what claims had been established against the estate. P. D., 5666–5673, 5686, 5689. On May 19, 1880, it appears that the estate was still indebted, notwithstanding the money received in the sale of the land in controversy had been appropriated to the payment of debts of the estate.

That a necessity for the sale at the time the application was made, sale ordered, made and confirmed existed, cannot be questioned.

That the estate was administered in the utmost good faith and honestly is apparent.

Under such a state of facts, it is claimed that the sale was void. We are of the opinion that this proposition cannot be maintained.

The sale was ordered and confirmed by a court of general jurisdiction, having the power to order and confirm it; and the facts existed which gave the power to sell property.

In such a case, where the statute under which a sale is ordered does not specifically prescribe the steps which shall be taken before the order can be made, we are of the opinion that, at most, a sale so made will only be voidable if the steps taken preliminary to the order to make the sale were in some respects defective; for the court was called upon to adjudicate the sufficiency of these very things before the order was made, and, however erroneous its judgment may have been, it was not void. Alexander v. Maverick, 18 Tex., 179; Guilford v. Love, 49 Tex., 735; George v. Watson, 19 Tex., 370; Withers v. Patterson, 27 Tex., 491; Giddings v. Steele, 28 Tex., 750; McNally v. Haynes, 59 Tex., 585.

In the last case named it is correctly said that if it appears from the record that the court clearly transcended its powers, its judgment would be a nullity. No such thing appears in this case, but, upon the contrary, it clearly appears that the facts existed which authorized the court to direct the sale of land belonging to the estate, and the objection is as to the manner in which the court was called upon to exercise the power conferred upon it by the constitution, and not that there was a want of power or jurisdiction.

It may well be that, upon the question of notice, a purchaser may not be required to look behind the judgment of a court of competent jurisdiction, when that jurisdiction has attached in the given case; but it does not follow from this that the condition of an estate, at the time a sale of property belonging to it is ordered, may not be looked to for the purpose of establishing the fact that the order was made in the exercise of legitimate power.

If the appellants were of the opinion that the court improperly ordered the sale of the property, they should have taken proper steps to have that and the subsequent orders set aside by some proceeding having that purpose directly in view; the judgments or orders not being void, they cannot be attacked in this, which is strictly a collateral proceeding. This case is disposed of under the statute in force when the acts in question transpired, and we do not

wish to be understood as in any respect passing on the requisites to a valid sale of land in probate under the statute now in force.

There was no error in the judgment of the court below, and it is affirmed.

AFFIRMED.

[Opinion delivered December 19, 1884.]