CAROLINE HAMM, ADMINISTRATRIX, v. J. C. HUTCHINS.

Delivered June 6, 1898.

**1.    Practice on Appeal—Jurisdictional Question—Fundamental Error.**

The jurisdiction of the probate court in proceedings to sell lands of a decedent to pay debts, as to adjudicating the title to the land, will be passed upon by the appellate court, whether assigned or not.

**2.    Jurisdiction of Probate Court—Title to Realty.**

The county court has jurisdiction to order the sale of land of a decedent to pay debts, where such land has been inventoried and appraised as belonging to the estate, but it has no jurisdiction to pass on the question of title to the land raised by a third person who claims to be the owner.

**3.    Homestead—Decedent's Estate.**

The fact that certain land was placed upon the inventory of a decedent's estate and appraised as part of the estate is prima facie evidence that it was not his homestead.

**4.    Decedent's Estate—Devised Land Subject to Debts.**

That land is devised by the owner to a specified person does not prevent it from being administered as part of the estate, as it is subject to payment of the debts of the testator, unless it is exempt from distribution.

APPEAL from Hall.    Tried below before Hon. G. A. BROWN.

*W. M. Pardue,* for appellant.

No brief for appellee.

HUNTER, ASSOCIATE JUSTICE.—This suit originated in the County Court of Hall County, where the appellant, as administratrix of the estate of M. Lewis with the will annexed, filed her application for an order to sell 160 acres of land which she had inventoried and appraised as part of the estate of M. Lewis, deceased, showing in her application that claims had been allowed and approved against said estate to the amount of $244.25, and that there was no other property belonging to the estate out of which to pay said debts.

Legal notice was given of the application, as required by law, and before the same was acted upon by the probate court J. C. Hutchins ap-

peared by his attorneys and filed an answer in opposition to the granting of said order, upon the ground that he was the owner of the land, and that the estate had no title thereto, showing that by the will of the decedent, which had been duly probated, the said land had been devised to a son of the decedent, J. D. Lewis, and that the latter had conveyed the same to him for a valuable consideration, and that at the time he bought the same from the said J. D. Lewis there was ample personal property belonging to the estate with which to pay all debts, and that the creditors had no lien on the land, and also that he had occupied the land for more than three years adversely, and that a court of law should pass upon the title to said land before the application of the administratrix could be granted.

Upon the hearing the County Court granted the order of sale, and Hutchins thereupon appealed to the District Court of Hall County, which reversed the judgment of the County Court, rejected the petition of the administratrix to sell the property to pay the debts, and gave judgment against the appellant as administratrix for all the costs; and from this judgment she appeals to this court.

The record shows that M. Lewis died in Hall County on April 24, 1893, and left surviving him three children, J. D. and L. M. Lewis, and the appellant Caroline Hamm, each of them being more than twenty-one years old, and that he left no wife surviving him; that at the time of his death he was seized and possessed of the land in controversy valued at $160, four lots in the town of Memphis valued at $20, and some personal property valued at $9.75, a total of $189.75, and that he owed at the time of his death the sum of $132.50, which was the expenses of his last sickness, and was due to the appellant Caroline Hamm; that M. Lewis left a will when he died, in which he bequeathed to his son J. D. Lewis all his property, real and personal, embracing the land in controversy; that said will was probated in the County Court of Hall County on August 11, 1893, but no executor was appointed to administer the estate, no inventory and appraisement of the property belonging to the estate was returned, and no proof was introduced showing that there were no debts against the estate; that in the fall of 1893 J. D. Lewis sold the land in controversy to J. C. Hutchins for the sum of $400, $200 of which was paid in cash, and note executed for $200, secured by a vendor's lien upon the land.

On January 24, 1894, the appellant, Caroline Hamm, filed in the County Court of Hall County her application for letters of administration on the estate of M. Lewis, deceased, which application was denied, because it appeared that M. Lewis had left a will, which had been duly filed for probate. She then filed her application for letters of administration with the will annexed, showing that no executor had been appointed in the will and none had ever qualified, and that there were debts existing against the estate to the amount of $244.25. This application was granted, and she duly qualified as such administratrix.

The assignments of error presented by counsel for the appellant do not

raise the question of the jurisdiction of the probate court to hear and determine the question raised by the pleading filed by Hutchins, wherein the title to the land is brought in question. But it seems to us that that question is presented in the record, because the probate court being without jurisdiction to pass upon the issue of title to the property as made by the contest filed by Hutchins, the error is fundamental, and hence it is our duty to pass upon it, whether assigned or not.

The record showing that the land had been inventoried and appraised as property belonging to the estate, the County Court had jurisdiction to order its sale, but had no jurisdiction to pass upon the question of title as presented by the appellee Hutchins. Miers v. Betterton, 45 S. W. Rep., 430, and authorities there cited; Wadsworth v. Chick, 55 Texas, 242.

The fact that the land was placed upon the inventory and appraised as part of the estate of the testator was prima facie evidence that it was not his homestead, because if it had been it formed no part of his estate, and should not have been inventoried as such. The fact that it was devised to J. D. Lewis by the will did not prevent it from being administered as part of the estate, because it was still subject to the payment of the debts of the testator, unless it was exempt from distribution. The title in such case passes to the devisee charged with the debts of the testator, and until the debts against the estate are paid the devisee's title is liable to be defeated by the administrator's sale. Of course, if the property is in the possession of Hutchins, as is alleged, the purchaser at the administrator's sale might have to try the title with him before he can get possession. It would probably be in the interest of creditors of the estate for the administratrix to sue him in trespass to try title and for possession, and have the title and right of possession settled in the District Court, before sale is made, as the property would likely sell for more if the administratrix should recover.

As the probate court was without jurisdiction to pass upon the title, of course the judgment in this case can not and will not in any manner affect the rights of the parties in any future action to settle the title.

For the reason that the probate court had no jurisdiction over the issue of title raised by Mr. Hutchins' plea of intervention, we order that the judgment of the District Court be reversed, and judgment be here rendered in favor of the appellant that the application made to the probate court to sell the lands described therein be granted, and that the proper order directing such sale be here entered, and that the same be certified to the County Court of Hall County for observance.

*Reversed and rendered.*

TARLTON, Chief Justice, did not sit in this case.