MRS. LUCY A. PHILLIPS ET AL. v. J. C. PHILLIPS ET AL.

Decided May 5, 1900.

**1.   Jurisdiction of District Court—Administration Matters—Title to Land.**

Where the wife of a decedent whose estate was insolvent claimed that certain land, the title to which was in his name, was her separate property and had sold it as such after his death, a creditor of the estate was entitled to maintain in the district court an action against her and her vendee and the administrator to have the question of title adjudicated, and to have the land, if found not to be her separate property, inventoried by the administrator in the probate court as assets of the estate.

**2.   Husband and Wife—Post Mortem Gift by Deed—Revocation.**

A husband conveyed homestead lands to his wife by a deed reciting that it was to take effect and be enjoyed by her in fee simple after his death, provided she should survive him, reserving the lands to himself for life and stating that the conveyance was to take effect and operate as a post mortem gift to the wife. The in-

strument was duly acknowledged and delivered to the wife, but was not recorded, and thereafter the husband, joined by the wife, sold and conveyed the land to another. Held, that this was a revocation of the gift and conveyance to the wife, and that she could not claim as her separate estate the money proceeds of the sale of the land nor the title to a tract of other land conveyed by the vendee to the husband as part of the consideration.

APPEAL from Bosque. Tried below before Hon. J. M. HALL.

*Word & Word* and *N. R. Morgan,* for appellants.

*W. F. Schenck* and *Wm. H. Knight,* for appellees.

HUNTER, ASSOCIATE JUSTICE.—This suit was brought by J. C. Phillips in the District Court of Bosque County on the 27th day of July, 1898, against W. F. Schenck, administrator of the estate of Reuben Phillips, deceased, Lucy A. Phillips, surviving widow, W. A. Bawcom, C. C. Corley, and some tenants of Corley, to recover the title and possession of a certain 60 acres tract of land situated in said county. The plaintiff was a creditor of the estate of Reuben Phillips, his claim having been allowed by the administrator and approved by the County Court for the sum of $196.64, and classed as a fourth-class claim. The administrator was made defendant, and recovery was prayed for in his name, and a decree requiring him to place the land, upon recovery thereof, upon his inventory as part of the estate of his said decedent. Rents were also claimed for the years 1896, 1897, and 1898, at $200 a year. There were no assets in the hands of the administrator with which to pay debts.

The petition showed that the land, at the date of the death of Reuben Phillips, was claimed by the wife, Lucy A. Phillips, as her separate estate, and that her claim was based upon a certain written instrument claimed by her to be a deed, which purported to convey a certain other tract of land containing 100 acres, but which by its terms was not to take effect until the death of the grantor, a copy of which was attached to the petition, and which, it was averred, was not a deed but was testamentary in its character. It was averred that Mrs. Phillips claimed that the 60 acres tract in controversy was purchased with the proceeds of the sale of the 100 acres tract, and was therefore her separate property. The prayer was to have the instrument construed, and her deed to Bowcom for the 60 acres canceled and the title to the land cleared, and that the same be declared vested in the estate of the said Reuben and administered accordingly.

The administrator answered and joined in the prayer of plaintiff asking for construction of the instrument, and decree settling the question of title, etc. The other defendants demurred to the petition, calling in question the legal right of a creditor of the estate to maintain the action, there being an administration pending, and also contending that the district court had not original jurisdiction to determine the

matters set up, because it was in the nature of a motion to compel the administrator to place the property upon the inventory of the estate, which should be filed in the county court. They answered also by general denial and plea of not guilty, and specially that the instrument attached to plaintiff's petition was a deed, and not a will, whereby the fee to the land vested in Mrs. Phillips, subject only to an estate in the grantor during his natural life; that afterwards the grantor and grantee in said deed conveyed the 100 acres to one Anderson for $1200, and that said money was by them loaned to the plaintiff, who in part repayment thereof conveyed the 60 acres of land in controversy to Reuben Phillips a few years before his death, and that the said 60 acres thus became and was her separate estate.

The case was tried without a jury, and the court found in favor of the plaintiff and administrator, construing the instrument to be a deed, but declaring that it could not take effect until the death of the grantor, decreeing that the land belonging to the estate of Reuben Phillips, and ordering it placed upon the inventory of said estate and administered as such; and from this decree this appeal is taken.

The facts are as follows: On the 24th day of February, 1883, Reuben Phillips executed and delivered to his wife, Lucy A. Phillips, the instrument which the plaintiff seeks to have construed. It was in the form of a deed; it recites a consideration of "love and affection for my wife and the sum of five dollars to me in hand paid by Lucy Phillips;" it contains the regular granting clause of a deed, describing the 100 acres of land and "all my cattle and hogs, household and kitchen furniture, to take effect and be enjoyed in fee simple by her after and at my death, provided she shall survive me, reserving the same for and during my life. It being the intent and purpose of this deed to secure to her, at my death, in case she survive me, the property described, or the remains and increase thereof, not to descend to my heirs or be administered as part of my estate, and that it take effect and operate as a post mortem gift to my said wife." Then follows the regular habendum clause, and regular general warranty clause. It does not express that the property conveyed shall be her separate estate. It was duly acknowledged before a proper officer, as shown by his certificate, on the day of its date, and on the same day was delivered to Lucy A. Phillips, but was not recorded until February 22, 1897, some time after the death of Reuben Phillips, who died in January or February, 1897.

At the time this instrument was made the 100 acres tract was the homestead of grantor and grantee, and remained so until they joined in a conveyance of it to Anderson on October 24, 1884, for a consideration of $1200 in cash. They used $200 of this money to buy the homestead upon which Reuben Phillips died, a small house and lot in the town of Iredell, in Bosque County, and loaned the balance, $1000, to the plaintiff, J. C. Phillips. On the 16th day of October, 1886, J. C. Phillips, in payment of $800 of this loan, conveyed to Reuben Phillips the 60 acres in controversy, which was situated outside of the town of Iredell, and

was no part of Reuben Phillips' homestead at the date of his death. This deed was properly acknowledged and duly recorded in March, 1887. On November 9, 1897, Mrs. Lucy A. Phillips conveyed the 60 acres to her brother, W. A. Bawcom, and later in the same month and year Bowcom conveyed it to C. C. Corley. Mrs. Phillips collected the rents for the year 1897, and used the same, and C. C. Corley collected and used the rents for 1898 and 1899. The rental value of the premises during said years was $90 per annum. The plaintiff's evidence entitled him to recover as prayed in his petition, unless the 60 acres of land was the separate property of Mrs. Lucy A. Phillips.

We think the creditor could maintain the action as brought by him, because the title to the land was involved. This question could not have been settled in the county court, for it had not jurisdiction of such cases. Only the district courts have original jurisdiction to try the title to lands. Miers v. Betterton, 18 Texas Civ. App., 430; Hamm v. Hutchins, 19 Texas Civ. App., 209. All persons interested were made parties to the suit, and it made no difference in a court of equity that the administrator was made a party defendant. Prayer was made for his benefit, if it should be held that the land belonged to his decedent's estate, and that was sufficient.

Article 632 of our Revised Statutes provides: "An estate of freehold or inheritance may be made to commence in futuro by deed or conveyance, in like manner as by will."

The effect of a deed conveying an estate of freehold or of inheritance in lands at common law was to pass the title at delivery, and if it contained terms showing a different intention it was not in law a deed. Of course, no title passed under a will until the death of the testator. If the instrument is a will, no title passed to Mrs. Phillips under and by virtue of it, because Reuben Phillips conveyed it, so that he did not own it at the date of his death. If it is a deed, it clearly provides that it shall not take effect until "at and after" the death of the grantor, and not *then* unless she *survives* him. This condition of survivorship is inconsistent with the idea that the deed vested an inheritable estate at the time of delivery, or indeed any kind of estate. It meant that if she died first her heirs would not inherit any estate, interest, title, or claim to the land, for none had passed to her, the condition having failed upon the happening of which it was to vest. But if any inchoate right existed in her by reason of the delivery, the conveyance of the tract joined in by the wife must be considered as a revocation or voluntary cancellation of the act or gift before it took effect, and therefore she had no interest in the proceeds of the sale.

It is not contended that the proceeds of the sale of the 100 acres tract were given to her, and the deed to the 60 acres tract was made to Reuben Phillips. Upon the face of the deed, therefore, the land conveyed became and was community property, and being no part of the homestead at the date of his death it was subject to administration and to the payment of his debts. We therefore conclude that the court did not err

in so holding, and that the administrator should place it on the inventory of the estate, to be administered as any other property belonging to his decedent at the date of his death.

The judgment of the District Court is affirmed.

*Affirmed.*