GEO. C. ALTGELT, ADMINISTRATOR, v. AUGUSTA McMANUS.

Decided November 12, 1902.

**1.—Jurisdiction—Title to Land—County and District Courts.**

The county court, although sitting as a court of probate, has no authority to determine the title to land, since such jurisdiction belongs exlcusively to the district court.

**2.—Same—Administration Still Pending.**

One who bought at a sheriff's sale the interest of a devisee in land belonging to the estate of a decedent could maintain an action in the district court against the devisee and the administrator to establish his title and to recover rents from the administrator, although the administration was still pending.

**3.—Same—Judgment Construed.**

A judgment in such case against the administrator for the recovery by plaintiff of an interest in the land and for rents collected by the administrator, over and above the amount sufficient to support the surviving wife of decedent, with directions that it be certified to the probate court, was not uncertain, and did not interfere with the jurisdiction of the latter court.

Appeal from the District Court of Bexar County. Tried below before Hon. J. L. Camp.

*I. C. Baker,* for appellant.

*William Aubrey,* for appellee.

NEILL, ASSOCIATE JUSTICE.—On April 30, 1901, Augusta McManus, joined by her husband, brought this suit in the District Court of Bexar County against Alvina Maxwell and her husband, J. A. Maxwell, and George C. Altgelt, as administrator of Charles F. Fischer, deceased.

The allegations in plaintiffs' petition are in substance as follows: "That on the first Tuesday in March, 1899, plaintiff, Augusta McManus, purchased at sheriff's sale the interest owned June 1, 1892, by defendant Alvina Maxwell, at that time Alvina Fischer, in a lot of land situated on the north side of East Commerce street, in the city of San Antonio, formerly owned by Chas. F. Fischer, deceased; that said sheriff's sale was made in pursuance of an order of sale issuing on a judgment and decree rendered April 10, 1897, against said Alvina Maxwell in the suit of J. R. Arrendale v. Chas. F. Fischer et al., brought in said court by said Arrendale against said Alvina Maxwell, then Fischer, and others to recover the amount due on a promissory note executed by said Alvina Maxwell, among others, and to foreclose the lien of a deed of trust dated June 1, 1892, executed, among others, by said Alvina Maxwell and securing the payment of said note, whereby was conveyed in trust for that purpose the said interest of said Alvina Maxwell in the said lot of land; that the said Alvina Maxwell was duly cited to appear in said suit and the said judgment and decree therein rendered were in all things valid and binding upon the parties thereto; that the said interest of defendant Alvina Maxwell in said lot was derived by her under the will of her deceased father, Chas. F. Fisher, duly admitted to probate in 1899 in the County Court of Bexar County, Texas; that defendant Altgelt, as administrator with the will annexed of said deceased Fischer, received and disbursed, among others, the rents of said property, and, assuming to act under said will, paid to defendant Alvina Maxwell one-sixth of the rents of the property in excess of the amount necessary to support and maintain the surviving wife of said deceased Fischer."

Plaintiffs further alleged "that said Augusta McManus, by said sheriff's sale, became the owner of said interest of said Alvina Maxwell, and was entitled as such to receive the said one-sixth of the rents thereof after the support and maintenance of said surviving wife of said deceased Fischer had been provided for; but that the defendants asserted that no title had passed to plaintiffs by said sheriff's sale, and that said claim of defendants cast a cloud on plaintiffs' said title."

Plaintiffs prayed that title to the one-sixth interest in the lot in

question should be divested out of defendants Maxwell and vested in plaintiff Augusta McManus; that said cloud on their title should be removed, and that defendant Altgelt should be directed to pay over to plaintiffs all said rents theretofore paid to defendant Alvina Maxwell and that he might thereafter collect, and that plaintiffs might have judgment for said lot.

October 7, 1901, defendants Maxwell, by their attorney, George C. Altgelt, filed an answer in this case, consisting of a general demurrer and general denial. February 26, 1902, defendant Altgelt, by his attorney, filed an answer in this case, consisting of a general demurrer. and general denial.

February 26, 1902, the general demurrers of the defendants were submitted to and overruled by the court, and exceptions duly reserved by defendants. Upon the same day the cause was upon its merits submitted to the court, which rendered a judgment divesting all the right, title, and interest which defendant Alvina Maxwell owned in the lot in question June 1, 1892, out of said Maxwells and vested the same in plaintiff Augusta McManus. The court further decreed that plaintiff Augusta McManus was then and had been the owner of said property from the first Tuesday in March, 1899, and, as such, entitled to recover and receive from the estate of Chas. F. Fischer, deceased, and defendant Geo. C. Altgelt, as the administrator of said estate, the rents for the said period of the said one-sixth interest in said lot, formerly owned by defendant Alvina Maxwell, over and above the amount thereof sufficient to support and maintain the surviving wife of said Chas. F. Fischer, deceased. The court also adjudged to plaintiffs their costs, and ordered that its decree should be certified for observance to the County Court of Bexar County sitting in probate.

From said judgment and decree defendant Altgelt has appealed to this court.

*Conclusions of Fact.*—Charles F. Fischer died in 1888, leaving a will dated November 12, 1887, whereby he appointed as independent executors thereof, A. Sartor, Jr., Nick Tengg, and Stephen Seffel. The will was duly admitted to probate in Bexar County, and the estate duly administered thereunder in the county court until the 16th day of March, 1896, when George C. Altgelt was appointed by said court administrator of said estate with the will annexed.

By the terms of the will decedent provided that upon the death of his wife and the coming of age of the youngest of his surviving children, the property described in plaintiffs' petition should be divided among his six children, to wit, plaintiff, Augusta McManus, Alvina Maxwell, defendant in this suit, and four others, share and share alike, and that until the happening of said events, his executors should apply the rents and profits of said property to the maintenance and support of his surviving wife, and distribute the surplus thereupon remaining

out of said rents among the six children of decedent, share and share alike.

Afterwards, on June 1, 1892, Alvina Maxwell, at the time Alvina Fischer, then a feme sole, joined by Augusta Lachappelle, Mary Owens, Alfred Owens, Charles Fischer, and C. G. Boelhauwe, administrator, executed and delivered to Reagan Houston, as trustee, a deed of trust containing covenants of general warranty, whereby, for the purpose of securing the payment of a promissory note for $1000 payable to the order of Mary C. Reed, she conveyed in trust to said trustee all her interest in the property in controversy.

On September 19, 1896, J. R. Arrendale, having become the owner of said note, brought suit thereon in which he obtained a judgment against said Alvina Maxwell, then Alvina Fischer, and the other defendants for $1211.46 and costs of suit amounting to $49.35, with interest at 8 per cent per annum from date of judgment, together with a foreclosure of the lien created by said deed of trust upon the interest of Alvina Maxwell and others in said property.

On May 20, 1897, Arrendale caused an execution and order of sale to be issued on said judgment, which were placed in the hands of the sheriff of Bexar County, and returned by him, under direction of Arrendale's attorney, on July 27, 1897.

On February 10, 1899, Arrendale caused an alias execution and order of sale to issue on said judgment, which recited the issue of three former executions and orders of sale, and upon this writ the sheriff returned that it came to hand February 10, 1899, and that he executed it on the 11th day of February, 1899, by advertising the property and selling it to Augusta McManus for $1000. A deed was duly executed by the sheriff by virtue of the sale to the purchaser, Augusta McManus.

Since the execution and delivery of the sheriff's deed, appellant Altgelt, administrator, declined and still declines to recognize that the interest of Alvina Maxwell passed to appellee Augusta McManus by virtue of such sale and sheriff's deed, and declined to pay her any part of the surplus rents of said property remaining after the maintenance and support of Charles F. Fischer, deceased, had been provided out of the same, except that part which appellee was and is entitled to receive, as devisee and legatee under said will of her deceased father, and has continued to pay to Alvina Maxwell one-sixth of said surplus up to the date of the institution of this suit. Since the filing of this suit he has ceased to pay it to anyone. This suit was brought for the purpose of establishing the title to Augusta McManus in said property, as well as her right to one-sixth of said rents claimed by her since the date of the sheriff's sale of the property to her, which had theretofore been claimed and received by Alvina Maxwell under the terms of her deceased father's will.

*Conclusions of Law.*—Under the first assignment of error, which com-

plains of the court's overruling the demurrer of appellant to plaintiffs' original petition, this proposition is asserted: "It appearing from plaintiffs' petition that defendant Altgelt was administering the estate of Chas. F. Fischer, deceased, under his will, as also under orders of the County Court of Bexar County, where administration was pending, that court had exclusive jurisdiction over defendant Altgelt, administrator, in directing and controlling the distribution of rents accruing from said estate, and the district court had no such original jurisdiction."

That under the Constitution and laws of this State the county court alone has jurisdiction of matters probate; and that the district court has only appellate jurisdiction and general control, in probate matters, over the county court, are too firmly established to admit of controversy. Const. of Texas, art. 5, secs. 8-16; Franks v. Chapmann, 60 Texas, 46; Heath v. Lane, 62 Texas, 694; Buckman v. Bilger, 64 Texas, 589. But are the issues involved in this case matters probate?

The appellee only seeks to have an interest, she asserts, which is denied by appellant and the other defendants, established in the land, and her rights to any surplus in the rents issuing therefrom determined. The interest claimed has arisen since the will was probated and administration under it commenced, and it involves title to land of the estate of the testatrix, which she (appellee) acquired from one of the devisees. Her contention is that by virtue of her purchase she has acquired all the interest in the premises and the rents issuing therefrom that Alvina Maxwell theretofore had—no more, and no less. "Where there are disputes affecting title growing out of deeds and conveyances, between heirs or devisees, under which some of them claim more than their shares as heirs at law, it seems that the questions ought to be settled by the district court." Groesbeck v. Groesbeck, 78 Texas, 664. Sitting as a court of probate the county court can not determine title to land. Such jurisdiction belongs exclusively to the district court. Mayo v. Tudor, 74 Texas, 471; Miers v. Betterton, 18 Texas Civ. App., 432, 45 S. W. Rep., 430; Bradley v. Love, 60 Texas, 472; Bank v. Higgins, 72 Texas, 66; Hamm v. Hutchins, 46 S. W. Rep., 873; Phillips v. Phillips, 57 S. W. Rep., 59. These authorities fully establish appellees' counter proposition under this assignment, which is: "The owner of a beneficial interest in real property or in a specific fund in the hands of an administrator, may maintain an action in the district court against the administrator to establish such interest and render it beneficial."

Such an action no more interferes with or infringes upon the jurisdiction of the probate court in administering an estate than does an action on a claim, rejected by the administrator, brought in the district court, which is within its jurisdiction.

There is nothing uncertain about the judgment in this case. It does not disturb the right of the probate court to determine from time to time the amount of rents required for the support of Mrs. Fischer.

For the reason that the amount to be paid her must necessarily be determined by the probate court, it could not be adjudged in this case by the district court that appellee is entitled to recover any specific amount of money. What it did determine, and all it could determine, is that Augusta McManus is and has been since the first Tuesday in March, 1899, the owner of the lot of land, and as such is entitled to receive the rents accruing therefrom since that time from appellant, over and above the amount sufficient to support and maintain the surviving wife of Charles S. Fischer, deceased.

The judgment is affirmed.

*Affirmed.*