### BECKNAL et al. v. BECKNAL et al.
### (No. 10046.)

Court of Civil Appeals of Texas. Dallas. May 14, 1927.

Rehearing Denied June 18, 1927.

1. **Courts** ⬅️➡️475(2, 3)—District court held without jurisdiction to issue injunction interfering with actions of administrator appointed by probate court of another county (Const. art. 5, §§ 8, 16; Rev. St. 1925, arts. 3290, 3291).

Under Const. art. 5, §§ 8, 16, Rev. St. 1925, arts. 3290, 3291, district court held without jurisdiction to issue an injunction restraining an administrator appointed by the probate court of another county from paying out funds belonging to estate, from starting suit against plaintiff, from selling or incumbering properties of the estate, and restraining banks in which the funds of the estate were deposited from paying such funds to the administrator, since the powers of the probate court were adequate to protect plaintiff from all alleged grievances.

---

**2. Courts ⟨key⟩472(4)—County court's jurisdiction is exclusive in probate matters (Const. art. 5, § 16; Rev. St. 1925, art. 3290).**

Under Const. art. 5, § 16, and Rev. St. 1925, art. 3290, the jurisdiction of the county court in matters pertaining to probate is original and exclusive.

**3. Courts ⟨key⟩472(4)—District court's jurisdiction over probate matters is appellate only (Const. art. 5, § 8; Rev. St. 1925, art. 3291).**

Under Const. art. 5, § 8, and Rev. St. 1925, art. 3291, the jurisdiction of the district court in matters pertaining to probate is appellate only.

**4. Executors and administrators ⟨key⟩29(2)—County court's order appointing administrator is not subject to collateral attack (Rev. St. 1925, art. 3356).**

Under Rev. St. 1925, art. 3356, the county court determines the necessity for appointing an administrator, and its order of appointment is not subject to collateral attack.

**5. Courts ⟨key⟩472(4)—Complaints of misappropriation of funds by administrator, insufficiency of bond, and lack of inventory held matters exclusively within probate court's jurisdiction (Const. art. 5, §§ 8, 16; Rev. St. 1925, arts. 3290, 3291).**

Under Const. art. 5, §§ 8, 16, and Rev. St. 1925, arts. 3290, 3291, complaints against the administrator for conversion of funds belonging to the estate, that the bond was insufficient, and that the property had not been inventoried, *held* matters pertaining to administration of the estate over which the probate court had exclusive original jurisdiction with full power to protect rights of parties concerned.

**6. Injunction ⟨key⟩118(3)—Allegations, in injunction suit against administrator, that plaintiff believed administrator was threatening to dispossess plaintiff from lease of land belonging to estate held insufficient to justify injunction prohibiting administrator's suit for possession.**

Allegations, in petition asking injunction against administrator, that plaintiff had reason to believe that the administrator was threatening to dispossess him by some legal proceeding from land belonging to the estate which he held under a rental contract, *held* insufficient to justify an injunction prohibiting a suit by the administrator for possession.

**7. Executors and administrators ⟨key⟩130(1)—Administrator is entitled to possession and control of whole estate.**

An administrator is entitled to the possession and control of all property belonging to the estate.

**8. Executors and administrators ⟨key⟩130(2)—If portion of estate is illegally withheld, administrator should obtain possession by suit, if necessary.**

It is administrator's duty, if any portion of the estate is illegally withheld, to obtain possession by legal proceedings, if necessary.

Appeal from District Court, Hunt County; Grover Sellers, Judge.

Suit for partition by B. P. Becknal and others against George W. Becknal and others, and ancillary injunction proceeding between the same parties. From a decree granting the injunction, defendants appeal. Reversed and rendered.

J. P. Coon, of Terrell, and Wynne & Wynne, of Wills Point, for appellants.

Thompson & McWhirter, of Greenville, for appellees.

LOONEY, J. Appellees B. P. Becknal et al., plaintiffs below, filed suit in the district court of Hunt county for partition, alleging that they owned jointly with Geo. Becknal, defendant, certain lands located in Hunt and Kaufman counties, and certain moneys on deposit in banks in Kaufman, Hunt, and Lamar counties. G. G. Kerr was made a defendant on the allegation that he owned an undivided interest in one of the tracts of land, but it will not be necessary in the further discussion of the case to mention his presence in the suit.

Ancillary to the suit for partition, plaintiffs made application for, and obtained, an order for the issuance of a temporary injunction hereinafter described.

The original petition and application for injunction, read together, reveal that R. H. Becknal died intestate at Terrell, in Kaufman county, Tex., on March 2, 1926, leaving an estate consisting of the real and personal property sought to be partitioned; that this estate was inherited in equal parts by the plaintiffs and defendant Geo. Becknal, under the statute of descent and distribution, although their relationship to the intestate is not disclosed by the pleadings. We further learn from these pleadings that Geo. Becknal was appointed temporary administrator of the estate of R. H. Becknal by the county court of Kaufman county on September 2, 1926, the day preceding the institution of the partition suit, and that this appointment was made permanent by the court on March 4, 1927, under which said estate is being administered.

The grounds for injunction alleged by appellees, concretely stated, are: (1) That the estate was not indebted, and no necessity existed for an administration; (2) that Geo. Becknal, the administrator, and his wife had converted to their use and benefit funds belonging to the estate; (3) that the bond given by him as administrator is wholly insufficient to protect the estate; (4) it was further alleged that B. P. Becknal, one of the plaintiffs, had for at least ten years resided with his family upon a certain tract of land belonging to the estate located in Hunt county under a rental contract, including the year 1927 (the contract is not otherwise described), and that

⟨key⟩For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

he (plaintiff) was informed, believed, and alleged the fact to be that the administrator was threatening to dispossess him by a suit or some proceeding at law.

Wherefore plaintiffs prayed that the banks in which the funds of the estate were deposited be restrained from paying out any funds in their possession or under their control belonging to said estate or any funds deposited in the name of either Geo. Becknal, Mrs. Geo. Becknal (his wife), Becknal Bros., or Geo. Becknal, administrator, and from transferring any of said funds from one account to another; that Geo. Becknal and his wife be enjoined from paying out any funds belonging to said estate, or from transferring the same from one account to another; that the said Geo. Becknal be enjoined from selling, incumbering, or in any manner disposing of any or all of the properties of said estate, and that he be enjoined from selling, incumbering, or in any manner disposing of his (personal) interest in any part of said estate, and from filing any action at law, or causing the issuance and service of any process for the purpose of evicting the said B. P. Becknal from the tract of land occupied by him, or from in any manner interfering with his cultivation, use, and occupancy of said land during the pendency of the suit, and, further, from filing and maintaining any suit or action at law or in equity in the interest of the R. H. Becknal estate or against petitioners during the pendency of the suit.

[1] On the sworn application the judge granted the injunction in all respects in accordance with the prayer, from which Geo. Becknal and his wife have appealed, and urge as ground for reversal that the district court of Hunt county was without jurisdiction to interfere with, or prevent by its process, the administration of the estate under the orders and directions of the probate court of Kaufman county. We sustain this contention.

[2] The jurisdiction of the county court in matters pertaining to probate is original and exclusive. This jurisdiction is conferred by section 16 of article 5 of the Constitution, and is expressed in article 3290 (3206) (1840) (1789), Rev. St. 1925, as follows:

"The county court shall have general jurisdiction of a probate court. It shall probate wills, grant letters testamentary or of administration, settle the accounts of executors and administrators, and transact all business appertaining to the estates of deceased persons, including the settlement, partition and distribution of such estates."

[3] The jurisdiction of the district court in this domain of the law is appellate. This is made so by article 5, § 8, of the Constitution, and expressed in section 3291 (3207) (1841) (1790), Rev. St. of 1925, as follows:

"The district court shall have appellate jurisdiction and general control in probate matters over the county court for the probating of wills, granting letters testamentary or of administration, settling the accounts of executors and administrators and for the transaction of business appertaining to estates, and original jurisdiction and general control over executors and administrators under such regulations as may be prescribed by law."

[4] The necessity for the appointment of the administrator in this case was a question to be determined by the county court of Kaufman county (article 3356 [3280] [1913] [1860], Rev. St. 1925; Van Grinderbeck v. Lewis [Tex. Civ. App.] 204 S. W. 1042, 1046), and its order appointing Geo. Becknal administrator is not subject to collateral attack (Mills v. Herndon, 77 Tex. 89, 13 S. W. 854).

[5] Allegations to the effect that prior to the administration funds belonging to the estate were collected from certain banks by Geo. Becknal and his wife, that the administrator had misapplied and embezzled funds belonging to the estate, that his bond is insufficient to protect the interests of the owners of the estate, and, by implication, that property belonging to the estate had not been inventoried, present matters that pertain to the administration of the estate, over which the probate court is given exclusive original jurisdiction, with adequate power to correct all such errors and abuses, and fully protect the rights of parties.

It has frequently occurred that, notwithstanding a pending administration, the jurisdiction of the district court was resorted to, for the purpose of having questions that affected the estate determined, where the powers of the probate court were inadequate for such purpose. In the case at bar, however, we fail to discover, under the facts as revealed by the pleadings, any reason that justified resort to the district court to accomplish ends so abundantly provided for in the statutes relating to estates of decedents. Altgelt v. McManus, 30 Tex. Civ. App. 382, 70 S. W. 460; Buchner v. Wait (Tex. Civ. App.) 137 S. W. 383.

[6-8] The allegations of B. P. Becknal for injunction to prevent suit by the administrator for possession of the land occupied by him are too meager and insufficient to have justified the issuance of the writ, even if there existed no other reason for its refusal. The administrator, however, is entitled to the possession and control of all property belonging to the estate, and it would be his duty, if any portion of same should be illegally withheld, to obtain possession by suit if necessary. However, a defendant would be at liberty to urge any defense, legal or equitable, to such an action.

The writ in this case, for all practical purposes, ousted the jurisdiction of the probate court of Kaufman county, and transferred the administration of said estate to the district court of Hunt county. This, in our opinion, was unauthorized. For the reasons stated, the order of the court below grant-

ing the temporary writ of injunction is reversed, and judgment here rendered dissolving the writ.

Reversed and rendered.