**JOHNSON et al. v. HAMPTON. (No. 3371.)**

Court of Civil Appeals of Texas. Texarkana. July 12, 1927.

Rehearing Denied Sept. 8, 1927.

**I. Homestead ⟨⟩142(I)—Married daughter living separate from husband held not entitled to possession as unmarried daughter on death of parents (Rev. St. 1911, art. 3413).**

Married daughter living separate from husband and residing with parents was not on their death entitled to possession as unmarried daughter remaining with family, under Rev. St. 1911, art. 3413.

**2. Courts ⟨⟩200½—Probate court may not determine issues of title to land arising in administration.**

Probate court has no jurisdiction to determine issues of title to land which arise in course of administration.

**3. Executors and administrators ⟨⟩388(5)— Possession by daughter of deceased husband and wife held constructive notice of her claim that certain property was separate property of mother.**

Where land acquired by purchase was conveyed to wife for valuable consideration without indication it was for wife's separate use or benefit, it was presumptively community property and would be so treated in all transactions with purchasers for value and without notice of wife's separate rights, but where on death of wife and husband their daughter living separate from husband continued in possession and before administrator was appointed was divorced from her husband, her possession was at least constructive notice of her claim that land was her mother's separate property rendering judgment against her in trespass to try title on theory that purchase at administrator's sale was for valuable consideration and without notice, error.

**On Motion for Rehearing.**

**4. Executors and administrators ⟨⟩388(5)— When apparent title to property is in decedent, administrator's sale conveys good title to purchaser for valuable consideration without notice.**

When apparent title to property is in decedent, sale by his administrator conveys good title when purchased for valuable consideration by one without notice of title or right of another.

**5. Executors and administrators ⟨⟩388(5)— Purchaser at administration sale is charged with notice of what application for sale discloses.**

While purchaser at administration sale is not charged with notice of entire probate pro-

ceedings, he is charged with notice of what application for sale discloses.

**6. Executors and administrators ⟨⟩388(5)— Where application for administrator's sale showed debts were contracted after death of wife, purchaser thereat acquired no title to community land of wife (Rev. St. 1911, art. 3490).**

Where exhibit attached, pursuant to Rev. St. art. 3490, to application for administrator's sale of community land, showed debts for which sale was asked were contracted after death of wife, purchaser thereat was charged with notice of such fact, and acquired no title to community land of wife.

Appeal from District Court, Morris County; R. T. Wilkinson, Judge.

Trespass to try title by J. H. Hampton against Palina Johnson and others. From a judgment for plaintiff, defendants appeal. Modified and affirmed in part and reversed in part, and judgment rendered for the named defendant.

See, also, 266 S. W. 561.

Henderson & Bolin and W. E. Newland, all of Daingerfield, for appellee.

Lloyd E. Price, of Texarkana, and J. C. Heard, of Daingerfield, for appellants.

HODGES, J. Hampton, the appellee, filed this suit in the form of an action of trespass to try title for the recovery of 25 acres of land situated in Morris county. He claimed title through a deed from J. R. Hampton as administrator of the estate of Grant and Angelina Collins, deceased. Appellants, defendants below, are the children of Grant and Angelina Collins. They answered by a plea of not guilty, and specially pleaded as follows:

"For special answer if it be necessary, defendants say: That they are the children and the only heirs at law of Grant and Angelina Collins. That Grant Collins died in 1919, and Angelina Collins his wife died in 1918. That both died intestate. That said parties owned the land described in plaintiff's petition as their homestead, having acquired it and resided upon it many years prior to their death. That upon the death of Angelina Collins, Grant Collins, the husband, continued to reside on the land as his homestead up until his death in 1919, and that after his death Palina Johnson, an unmarried daughter of said Grant and Angelina Collins, has continued to reside upon it until this time, together with her children. That she was separated from her husband when Grant Collins died in 1919, and secured a divorce in said year, and after his death. That she secured a divorce prior to the time that said land was attempted to be sold through the probate court. That for several years before the death of said parents she lived with them and cared for them until their death, and being at this time separated from her husband. That she has not remarried and is now unmarried and still residing on said land. That she had continuously

made same her home from the time she went to live with her parents up until this time."

They further pleaded that there were no debts against the estate of Angelina Collins, and a collusion between the administrator and the purchaser in the sale of the property in payment of the claims presented. The trial court found that the land was the separate property of Angelina Collins. He concluded, however, that "the plaintiff, having bought the land at administrator's sale under orders of the probate court legally made, without any notice of the separate character of the 25 acres of land, took good title thereto," and rendered judgment in favor of the appellee.

The plaintiff offered in evidence a deed from J. H. Hampton, administrator of the estate of Grant and Angelina Collins, deceased. He also introduced excerpts from the probate records, beginning with the application for administration and including the report and confirmation of the sale of the land. That record shows that 'the property was inventoried as belonging to the community estate of Grant and Angelina Collins, and that only two claims were relied on as showing a necessity for an administration. One of these was for telephone service, apparently rendered in 1920, some time after the death of both Grant Collins and his wife. The other was a note made by J. H. Collins, a son of Grant Collins, to Hampton Bros., and transferred by Hampton Bros. to the Morris County National Bank. That note had been given by J. H. Collins in settlement of the purchase price of the caskets in which his father and mother were buried. It seems that these were purchased by him from Hampton Bros. The court in his findings refers to another claim of $20 in favor of Dr. C. D. Hibbitts, which was also allowed, but the record before us does not show the presentation or allowance of any such claim.

[1] One of the grounds relied on for a reversal of the judgment is that under the evidence Palina Johnson was entitled to the possession of the land as an unmarried daughter remaining with the family, under the provisions of article 3413, Rev. Civ. Stat. 1911. If in disposing of that question the land should be regarded as the separate property of the wife of Grant Collins and not subject to administration, that statute has no application. The possessory rights there conferred attach to estates which are being administered and such as are subject to administration. Upon the death of Angelina Collins, the land, if it belonged to her separate estate, descended and vested in appellants, her children, subject only to their father's life interest and homestead rights. At his death Palina and the other children were entitled to its possession as owners, not as members of the family of the deceased. But if the land be treated as com-

munity property Palina was not entitled to possession under the statute, because she was not an unmarried daughter at the time her father died. Wilkins v. Briggs, 48 Tex. Civ. App. 596, 107 S. W. 135. Although living apart from her husband, she was in law a married woman and not within the terms of the statute. Her testimony shows that she was about 50 years of age at the time of the trial; that she was living with and taking care of her father on account of his physical condition; she was apparently not there as a dependent member of the family, for whose benefit the statutory provision was intended. Why she was not living with her husband is not shown. It does appear, however, that he afterwards secured a divorce from her, which is consistent with the inference that she left him voluntarily.

[2] Appellants also contend that since the proof showed and the court found that the land was their mother's separate property and for that reason not subject to sale by the administrator, judgment should have been rendered in their favor. The trial court had before him the probate proceedings, and his judgment is consistent with the conclusion that the land, while apparently community property of Grant and Angelina Collins, was in fact the separate property of Angelina and for that reason was not subject to sale by the administrator. He sustained the conveyance to the purchaser at the administrator's sale, however, upon the ground that the purchase was made for a valuable consideration and without notice of the separate rights of Angelina Collins. It is well settled that the probate court has no jurisdiction to determine issues of title to real estate which may arise in the course of an administration. Bradley v. Love, 60 Tex. 472; White v. Shepperd, 16 Tex. 163; McDougal v. Bradford, 80 Tex. 564, 16 S. W. 619.

[3] The evidence shows that this land was acquired by purchase during the time Grant and Angelina Collins were husband and wife. The conveyance was made to Angelina, the wife, for a valuable consideration paid, and without reciting anything indicating that it was for her separate use or benefit. The land was therefore presumptively community property, and would be so treated in all transactions with purchasers for value and without notice of the wife's separate rights. Houston Oil Co. v. Choate (Tex. Com. App.) 232 S. W. 285; McClintic v. Midland Gro. Co., 106 Tex. 32, 154 S. W. 1157; Texarkana Nat. Bank v. Hall (Tex. Civ. App.) 30 S. W. 73. But as between the parties and their privies, and purchasers with notice, the land remained the separate property of Angelina, and upon her death descended to her children. The only evidence of notice was that which arises from the occupancy and possession of Palina Johnson. She was living with her parents on the land when they died,

and she continued in possession after the death of her father in 1919. Before the administrator was appointed she was divorced from her husband and became a feme sole. As such she was in possession at the time of the appointment and continuously to the time of the trial in the court below. Her possession was at least constructive notice of all the rights which she might claim as an heir of her mother. Houston Oil Co. v. Choate, supra; Collum v. Sanger, 96 Tex. 162, 82 S. W. 459, 83 S. W. 184. If the purchaser had actual notice of her possession at the time of his purchase, he would be charged with notice of what he might have ascertained from her by inquiry. If by that inquiry he would have learned that the land was claimed as the separate property of the deceased mother, he could not claim the status of a purchaser without notice as to the other children. Haywood Lumber Co. v. Bonner, 56 Tex. Civ. App. 208, 120 S. W. 577. But the record does not show whether appellee had actual notice of Palina's possession or not. He did not testify in the trial. The material facts discussed are those found by the court, and the appellee has not attacked those findings as unsupported by the evidence. We are of the opinion that the court erred in concluding that Palina Johnson's interest in the land passed by the administrator's sale. As to that interest appellee could not claim to be a purchaser without notice.

The judgment will be here rendered, denying appellee a recovery against Palina Johnson; but the judgment as to the other appellants is affirmed.

## On Motion for Rehearing.

[4] Appellants again urge that the land in controversy, being the separate property of Angelina Collins, was not subject to sale in the administration on the estate of Grant Collins. The proposition stated as controlling is that the property of one person cannot be administered on and sold for the debts of another. As a general statement of the law that is correct, but there are some well-founded exceptions. The doctrine of innocent purchaser does, under certain conditions, apply to sales made by an administrator. Bradley v. Love, 60 Tex. 472; Taylor v. Harrison, 47 Tex. 454, 26 Am. Rep. 304; Love v. Berry, 22 Tex. 372; Jackson v. Berliner (Tex. Civ. App.) 127 S. W. 1160; White v. Dupree, 91 Tex. 66, 40 S. W. 962; Lumpkin v. Adams, 74 Tex. 964, 11 S. W. 1070. These cases hold that when the apparent title to property involved in an administration is in the decedent, sale by his administrator conveys a good title when purchased for a valuable consideration by one who had no notice of the right or title of another.

That question was directly involved in the case of Bradley v. Love, above referred to. The facts of that case show that James Dunn deeded the land to D. H. Love and Mary Love, husband and wife. The deed recited a cash consideration of $1,000 paid. Some time after the conveyance Mary Love died, leaving children. A few years later D. H. Love died. The administrator of Love's estate inventoried the land as the community property of Love and his wife, Mary. In the course of the administration the land was sold for the purpose of paying community debts which had been contracted by D. H. Love, and Bradley became the purchaser. Suit was later filed against Bradley by the children and heirs of Mary Love, who claimed the land by inheritance from their mother. In the trial they offered evidence tending to show that no cash consideration had in fact been paid; that the conveyance was a gift from James Dunn, who was the father of Mrs. Love. Bradley defended on the ground that he was an innocent purchaser. The court held, in effect, that if the conveyance was a gift it vested in each of the grantees a separate right to an undivided half interest. It was also held that while Mrs. Love's interest was not subject to the payment of the community debts for which it had been sold, Bradley's title would be good if he purchased without notice of the facts which made her interest in the land her separate property. In that case, as in this, the interest which formed the subject-matter of the suit had been conveyed directly to the wife. But the court seems to have regarded that fact as of no importance in determining whether the property apparently belonged to the community or to the separate estate of the grantees. The issues were disposed of on the assumption that the deed, unexplained, evidenced a conveyance to the community. Applying that construction of this case, it must be said that the original conveyance to Angelina Collins vested an apparent title in the community of herself and husband. It became her separate property, not because of the form of the conveyance, but because the consideration was paid with funds belonging to her in her separate right.

The case of Vivion v. Nicholson, 54 Tex. Civ. App. 43, 116 S. W. 386, is referred to as holding to the contrary of what has just been said. It was held in that case that the property of the wife could not be sold and conveyed by the administrator of the husband's estate. But there the deed upon which the wife's separate right depended showed upon its face that it was for her separate benefit. There was no apparent title in the community.

But it does not follow from what has been said in disposing of that question that the sale under which the appellee claims title was in all respects valid. The record of the probate proceedings introduced in evidence on the trial shows that an application was made for administration on the estate of

Grant and Angelina Collins on December 16, 1920. The application states that the only estate left consisted of 29 acres of land, of the probable value of $950. At the February term of the following year the application was granted, and J. R. Hampton was appointed administrator "upon the estate of the said Grant Collins and Angelina Collins." The appraisers appointed reported:

"Separate property of the deceased, none. Community property 29 acres of land out of the A. J. Haynes headright survey, $750."

On January 12, 1922, Hampton, the administrator, filed an application for the sale of the land. The exhibit which he attached to that application, as required by article 3490, Revised Civil Statutes of 1911, shows the following claims as the only debts against the estate:

"One account in favor of the Morris County National Bank, transferred to it by Hampton Bros., for the sum of $230.32 bearing date October 10, 1920. This was for the two coffins in which Grant Collins and Angelina Collins were buried.

"Account of C. A. Robison $29.05 for telephone service, dated October 10, 1920.

"Estimated expenses of administration, $125.

"Property on hand belonging to said estate liable for the payment of such charges and claims, 25 acres of land situated in Morris county (the land involved in this suit)."

[5] That exhibit, which became a part of the application, shows upon its face that these debts, for the payment of which the property was sold, were contracted after the death of Angelina. They were not community obligations and could not be a charge on her community interest. Appellee's claim to this land depends on its being treated as belonging to the community estate. If, as to him, a purchaser without notice, it should be treated as community property, then the sale of Angelina's half interest was without legal authority. When she died her interest descended and vested in her children, appellants in this appeal. The record warrants the conclusion that at the time of her death there were no community debts, nor any other obligations which might be made a charge upon Angelina's interest in the land. The heirs therefore took it unincumbered, and so held the title at the time administration was commenced. In that state of the record the probate court had no authority to order the sale of that half interest for the payment of debts contracted after Angelina died. Arnold v. Hodge, 20 Tex. Civ. App. 211, 49 S. W. 714. The wife's interest could not, after her death, be sold to pay debts which she did not owe, or which could not be made a charge against her community interest. While a purchaser at an administration sale is not charged with notice of the entire probate proceedings, he is charged with notice of what the application for the sale discloses. McNally v. Haynes, 59 Tex. 583; Gillenwaters v. Scott, 62 Tex. 670.

[6] We therefore conclude that the one-half community interest which the appellants inherited from their mother was not subject to the sale made in probate proceedings, and the sale of that interest by the administrator passed no title to the appellee.

The judgment of the trial court will be further modified so as to deny the appellee a recovery of the undivided one-half interest inherited by all of the appellants from their mother. In other respects the judgment as heretofore modified will not be disturbed.