## BERRY et al. v. BARNES et al.
### No. 2425.

Court of Civil Appeals of Texas. El Paso.
March 20, 1930.

Atlas Jones, of San Antonio, for appellants.
Ditzler H. Jones, of Uvalde, for appellees.

HIGGINS, J.

Appellant Berry, as administrator of the estate of J. M. Sanderlin, deceased, filed in the county court of Uvalde county an application to sell an undivided ½ interest owned by the deceased in a tract of land in said county.

Appellees, the heirs at law of the deceased by his first wife, contested the application. The contesting pleading is lengthy, and without going into the details of same it is sufficient to say that contestants undertook to assert, and sought to establish, their title to the land as against the administrator and the wife of deceased who survived him, Mrs. A. T. Sanderlin.

These contestants asserted the deceased had never been divorced from his first wife and for that reason his marriage to Mrs. A. T. Sanderlin prior to the death of the first wife was void, wherefore the land was the separate property of the deceased and had passed to contestants as heirs at law, the decedent having died intestate.

In the alternative, contestants claimed an undivided one-half interest in the land.

The county court entered an order finding that said land and certain town lots, personal property, and household goods, described in the inventory on file, belonged to the community estate of the deceased and Mrs. A. T. Sanderlin, his widow; that contestants were the heirs at law of deceased and entitled to one-half of the community estate, and so decreed and ordered the administrator to respect the interest of contestants in administering the estate.

From this order Mrs. Sanderlin appealed to the district court where, joined by the administrator, she filed a lengthy pleading in which she claimed title to the land, among other matters asserting title under the ten-year statute of limitations.

Upon an instructed verdict, judgment was rendered in the district court that contestants recover of the administrator and Mrs. Sanderlin an undivided one-half interest in above-mentioned land and town lots, and that Mrs. Sanderlin recover of the contestants the other one-half interest and the right to use and occupy the town lots as a homestead.

From this judgment, the administrator and Mrs. Sanderlin appeal.

■ From the statement made, it is apparent that in the administration of an estate the probate court of Uvalde county has undertaken to adjudicate the issue of title to real estate between rival claimants. That it was without jurisdiction so to do, is well settled. Hamm v. Hutchins, 19 Tex. Civ. App. 209, 46 S. W. 873; Wadsworth v. Chick, 55 Tex. 241; Miers v. Betterton, 18 Tex. Civ. App. 430, 45 S. W. 430; Hein v. De Busk (Tex. Com. App.) 277 S. W. 1053; Altgelt v. McManus, 30 Tex. Civ. App. 382, 70 S. W. 460; Cox v. Cox, 77 Tex. 587, 14 S. W. 201; Bradley v. Love, 60 Tex. 472; Weeks v. De Young (Tex. Civ. App.) 290 S. W. 852; Johnson v. Hampton (Tex. Civ. App.) 297 S. W. 891.

■ Some of the authorities cited also announce the further well-settled rule that since the county court had no jurisdiction of the controversy, the district court, upon the appeal to it, was likewise without jurisdiction.

There is no occasion for discussion of the jurisdictional question here presented.

The authorities cited abundantly support the conclusion of this court and the judgment here rendered.

The judgment of the district court .is reversed, and judgment here rendered dismissing, for want of jurisdiction, the contest presented by the pleadings of the various parties involving the title to the lands described in such pleadings.

■ The judgment here rendered becomes the judgment of the district court (Rosenfield v. Campbell [Tex. Civ. App.] 276 S. W. 728; Henry v. Lumber Co., 46 Tex. Civ. App. 179, 102 S. W. 749); and upon return of the mandate to the district court it becomes the duty of the clerk of the latter court to certify the judgment to the county court, as provided by article 3703, Rev. St.

Reversed, and rendered.