### A. MELVIN ET AL. v. R. CHANCY, GUARDIAN.

#### No. 648.

1. **Right of Intervention.**—When a suit is brought for the value of certain timber sold to the defendants, and a third party claims the land upon which the timber was grown, and from which it was cut, such third party has no right to intervene in the suit for the recovery of the value of the timber, her claim being for damages for trespass upon her land.

2. **Same.**—Plaintiff sued out an attachment and had it levied upon property belonging to the defendants; but as the intervenor was not claiming title to the property levied upon under the attachment, there was no occasion for her to file a claimant's bond and affidavit.

3. **Jurisdiction of the County Court in Trespass on Land.**—When the County Court has jurisdiction of a cause of action, and it becomes necessary to inquire incidentally into the title to land, in order to determine the question of liability, that court has jurisdiction to pass on such question in order to properly decide the cause before it. It thus has jurisdiction of suits to recover damages for trespass upon land.

4. **Intervenor Must Have an Interest in the Subject Matter of the Suit.**—The suit was to recover upon a contract to which the intervenor was neither a party nor a privy. Her right of action was against both parties for damages for trespass upon her land, and cutting her timber; she was not therefore entitled to intervene.

5. **Defendant's Right to Have Intervenor Made a Party.**—Plaintiff being insolvent, if he represented himself to defendants to be the owner of the land and timber, but was not, and induced the defendants to buy in the belief that they were getting a good title, and they are likely to be held liable by the true owner of the timber for its value, they would have the right to have plaintiff made a party to any suit brought against them by the intervenor, and she being now before the court may be retained as a party, and the title to the timber tried in this suit.

6. **Void Grant.**—If the grant under which the plaintiff claims the land was issued after the closing of the Land Office, in 1835, it was void.

7. **Setoff.**—If when the timber was sold it was held by plaintiff as his own property, and he gave it to his minor daughter to defeat the claim defendants had against him, then if these facts were found by the jury to be true, defendant's account against plaintiff would be a good offset.

8. **Other Claims of Plaintiff.**—Before any other account due the plaintiff by the defendants can be used in this case, it should be regularly pleaded.

9. **Attachment—Damages.**—If the facts stated as the basis for the attachment are found not to be true, then defendants will be entitled to recover such actual damages as they have sustained by reason of the issuance and levy of the attachment, but can not recover exemplary damages unless the writ was sued out maliciously and without probable cause.

APPEAL from Angelina. Tried below before Hon. J. T. MARONEY, County Judge.

*Mantooth & Townsend* and *Alfred Chesnutt*, for appellants and intervenors.—1. An intervenor, with due notice thereof, can make him-

self a party to secure his interest in property involved in litigation between a plaintiff and defendant, and in making defense of his own right, can plead and prove anything which can or will be a defense to plaintiff's or defendant's cause of action, so far as it affects their claim. Brown v. Mitchell, 1 Posey's U. C., 373.

2. One having an interest in the subject matter in litigation between original plaintiffs and defendants may intervene in the suit to protect his interest in the subject matter of litigation. Irvin v. Ellis, 76 Texas, 164; Peiser v. Petticolas, 48 Texas, 483; Pool v. Sanford, 52 Texas, 632; Mills v. Swearingen, 67 Texas, 274; Chandler v. Fulton, 10 Texas, 2.

3. Appellee claims the timber on the Mechac Red 160 acres survey by virtue of the John A. Wagoner 1107 acres survey. The certified copy of the translation of the title to said John A. Wagoner 1107 acres survey, from the General Land Office of the State, is competent evidence to show that the title to said John A. Wagoner survey of land was titled on the 20th day of November, 1835, and was therefore null and void.

4. The appellants pleaded in reconvention for $1000 as actual damages for the wrongful issuance and levy of the attachment by appellee. The testimony of Frank Richardson and A. R. Moore supported the pleadings. The court, failing in his general charge to embrace this phase of the case as made by the pleading and evidence, should have given the charge offered by the appellants on the question of damages. Roberson v. Varnell, 16 Texas, 382; Farquhar v. Dallas, 20 Texas, 200; Linn v. Wright, 18 Texas, 317; Thompson v. Payne, 21 Texas, 621; Fowler v. Waller, 25 Texas, 696; Johnson v. Granger, 51 Texas, 42; Railway v. O'Donnell, 58 Texas, 27; Oil Co. v. Malin, 60 Texas, 645; Endick v. Endick, 61 Texas, 559; 65 Texas, 118, 669.

5. The court erred in charging the jury to consider "whether or not there were two contracts between plaintiff and defendants, and should they find that there were two, and that defendants owe plaintiff for the timber in suit, and that defendants have claims against the plaintiff under another contract, then they should not consider any of the items in said second contract as charges against plaintiff for timber under the contract herein sued on, unless it appears that said items of indebtedness were accepted by plaintiff as part payment of the timber herein sued for," for the reason there was no proof of two separate accounts or contracts calling for any such charge, and the same thereby misled the jury. Loving v. Dixon, 56 Texas, 75; Box v. Ward, 65 Texas, 159; Altgelt v. Brister, 57 Texas, 432; Blanton v. Mayes, 58 Texas, 422.

No brief for appellee has reached the Reporter.

WILLIAMS, ASSOCIATE JUSTICE.—Appellee recovered the judgment, from which this appeal is taken, upon a contract, by which he

alleges he sold to appellants certain pine timber, as the property of his minor daughter, of whom he is guardian. The defendants denied that they purchased the timber from him as guardian, and alleged that it belonged to him, and that they bought it from him individually, and not as guardian; and that they had sold him goods upon the faith of the contract, an itemized statement of which was set up in the answer, and pleaded in payment and setoff of plaintiff's demand.

Defendants further pleaded, that the timber did not belong to plaintiff, but to Mrs. Augusta Thorn, who was the owner of the John Aldridge survey, from which it was cut; and that defendants had entered into the contract believing plaintiff to be the owner of the timber; that Mrs. Thorn had set up claim against them for the value of the timber cut; had intervened in the suit, and was seeking judgment therefor. The insolvency of Chancy and of the minor was alleged, and defendants asked to be protected against having to pay twice for the timber.

At the institution of the suit plaintiff sued out an attachment and had it levied upon the property of defendants; and defendants pleaded in reconvention, that such writ was wrongfully and maliciously sued out and levied, and prayed for judgment for damages.

Mrs. Thorn intervened, alleging that she was the owner of the land from which the timber had been cut, and seeking to recover for the damage thereby done to it. Upon exceptions of plaintiff, the intervention was dismissed, on the grounds that the intervenor should have filed a claimant's bond and affidavit; and that the County Court had not jurisdiction to try the issue of title presented by the plea.

On the trial, all evidence as to title to the land was excluded, and verdict and judgment were rendered for plaintiff for the amount sued for.

As several errors were committed in the charge for which the judgment must be reversed, we will, in view of another trial, indicate the rules by which the rights of the parties are to be determined.

The reasons given for the exclusion of the plea of intervention were not sound. The intervenor was not claiming title to the property seized under the attachment, but was seeking to recover damages for trespass upon her land. There was, therefore, no occasion for her to file claimant's bond and affidavit, even if it were necessary, where the intervention is for the purpose of asserting an interest in specific property in dispute. Irvin v. Ellis, 76 Texas, 164.

The suit was not for the trial of title to land, but that question came incidentally in issue. When the County Court has jurisdiction of a cause of action, and it becomes necessary to inquire incidentally into the title to land, in order to determine the question of liability, that court has jurisdiction to pass on such questions in order to properly decide the cause before it. It thus has jurisdiction of suits to recover damages for trespass upon land. Porter v. Porter Bros., 2 W. & W. C. C., 433; Brown v. Brown, 3 Wills. C. C., 82; Williams v. Truitt, 1 W. & W. C. C., 519.

If, therefore, in order to arrive at the rights of the plaintiff and defendants, it was necessary to inquire into the title of the land, the court had jurisdiction to do so.

Mrs. Thorn, however, had not such interest in the subject matter of the suit as entitled her to intervene. The suit was to recover upon a contract between plaintiff and defendants. To that contract she was neither party nor privy. Her right of action was against both parties for damages for trespassing upon her land and wasting her timber. She can not, therefore, complain of the dismissal of her plea.

The defendants may, however, be so situated as to entitle them to have her claim inquired into, in order to ascertain whether or not they should be required to pay for the timber which they bought from plaintiff. If plaintiff represented himself to defendants to be, but was not, the owner of the land or the timber, and induced them to enter into the contract in the belief that they were getting a good title; and if they are likely to be held liable by the true owner of the timber for its value, then they should not be required to pay plaintiff for it.

In view of the insolvency of their vendor, they are entitled to plead these facts as a defense to the action. Their pleading was quite meager, but no exception was taken to it, and, under the ruling of the court below, no amendment would have helped them. With proper pleadings they would have been entitled to make plaintiff a party to any suit which Mrs. Thorn might have brought against them for the cutting of the timber, and have required him to defend. Since plaintiff sues them on their contract, and Mrs. Thorn is also seeking to hold them liable for the same timber, and voluntarily comes into the suit to assert her claim, we see no good reason why the defendants can not have her and plaintiff try their title to the timber before any judgment should be rendered against them. In entertaining and deciding this question, the court would not adjudicate the title to the land, but would simply pass upon the liability of the parties put in issue before it.

While, therefore, the intervenor could not complain of her exclusion from the case, the defendants, upon proper pleadings, could make her a party; and as she voluntarily comes before the court, she should be retained as a party, in order to determine the validity of the defense. It would then be proper to admit any evidence showing that she was the owner of the land upon which the timber grew, and consequently of the timber itself. Of course, if the grant under which the plaintiff claims was issued after the closing of the Land Office, in 1835, it was void, and passed no title.

Should defendants fail to establish the defense just treated, the question would then arise as to whether or not they can avail themselves of their setoffs as pleaded.

The court erred in its charge on this point in the case, in instructing the jury, in substance, that the counter-claim could only be allowed in case it had been accepted and agreed to by plaintiffs as a payment.

Of course, if the debt sued on belonged to the ward of plaintiff, no claim against him individually could be set off against it. But there was evidence tending to show that, at the time of the sale, such claim to the timber as plaintiff held was his own property, and that he gave it, or pretended to give it, to his minor daughter in order to defeat defendants' claim against him. This should have been submitted to the jury, and if the facts were found to be as last stated, then any balance Chancy may have owed defendants on their account should have been allowed as an offset, whether Chancy had agreed to it or not. If the counter-claim pleaded by defendants is found to be a set-off under the rule laid down, then, if plaintiff claims that defendants are indebted to him on still another account, he should be required to plead it regularly, before it can avail him in this suit.

The charge was again erroneous in the part referring to the suing out of the attachment, in that it probably led the jury to believe that the making of the affidavit for the writ with the proof offered by plaintiff were sufficient to sustain the proposition that the writ was properly issued.

On another trial, if the plaintiff should fail to recover judgment for any sum against defendants, he will be entitled to recover any actual damages which may have been caused by the levy of the attachment.

And if plaintiff should be found entitled to judgment for his claim against defendant, it should then be determined whether or not, at the time the attachment was issued, the ground stated for it existed. In other words, the question should be distinctly submitted to the jury whether or not defendants were about to convert their property or a part thereof into money, for the purpose of placing it beyond the reach of their creditors. If it be found that they were, and plaintiff establishes his right to recover the debt claimed, then defendants will not be entitled to any damages; but if they were not, defendants will be entitled to actual damages, whether plaintiff recovers upon the claim sued on or not.

But defendants can not recover as actual damages the consequences of hands quitting work, "demoralization of business," loss of credit, or any other such remote results. There is no evidence in the record which would warrant the recovery of actual damages, beyond the legal interest on the value of the property attached from the time of the levy until the making of the replevy bond, and that is merely nominal.

Exemplary damages can not be recovered unless it be shown that the writ was sued out maliciously and without probable cause. The plea in reconvention does not allege that there was not probable cause for the attachment.

The burden will be on defendants to show that the ground assigned for the attachment did not exist, and not (as defendants asked the Court to charge) on plaintiff to show that it did.

*Reversed and remanded.*

Delivered October 11, 1894.