## J. M. CARLTON BROS. & CO. v. CARTER et al.

(Court of Civil Appeals of Texas. Austin. Nov. 8, 1911.)

1. TROVER AND CONVERSION (§ 23*)—DEFENSES—RETURN OF PROPERTY.

Where a person wrongfully converts the property of another, the owner may sue either for the property itself or its value, and, having brought suit for the value of the property, may refuse to receive it if tendered to him, and hence, where a mule was wrongfully levied on, it was no defense that defendants agreed to surrender the mule to plaintiff, but were unable to do so because it was held under other attachments, since, defendants having wrongfully taken possession of the mule, they were responsible for its value unless it was returned to and accepted by plaintiff.

[Ed. Note.—For other cases, see Trover and Conversion, Cent. Dig. §§ 163–166; Dec. Dig. § 23.*]

2. ATTACHMENT (§ 364*)—WRONGFUL LEVY—ESTOPPEL.

Where plaintiff's mule was wrongfully levied on, the fact that plaintiff's attorney received a check for a surplus on a sale of the mule, the amount of which was less than its value, did not estop plaintiff from recovering at least the balance of the value of the mule in trover for conversion.

[Ed. Note.—For other cases, see Attachment, Cent. Dig. § 1327; Dec. Dig. § 364.*]

3. ATTACHMENT (§ 377*)—WRONGFUL LEVY—EXEMPLARY DAMAGES.

Before a person can recover exemplary damages for the wrongful levy of an attachment, it must appear not only that the grounds on which the levy was made were untrue, but the party suing out the same must likewise be shown to have acted maliciously and without probable cause for believing that he had a right to levy, under the rule that malice and want of probable cause must both concur to support such claim.

[Ed. Note.—For other cases, see Attachment, Cent. Dig. §§ 1389–1397; Dec. Dig. § 377.*]

----

**4. ATTACHMENT (§ 374\*)—WRONGFUL LEVY— MALICE—WANT OF PROBABLE CAUSE—EVIDENCE.**

Evidence *held* insufficient to warrant a finding that defendants in causing an attachment levy to be made on plaintiff's mule, as the property of another, acted both maliciously and without probable cause so as to justify an award of punitive damages.

[Ed. Note.—For other cases, see Attachment, Dec. Dig. § 374.\*]

Appeal from District Court, Bosque County; O. L. Lockett, Judge.

Action by Waldo E. Carter and others against J. M. Carlton Bros. & Co. Judgment for plaintiffs, and defendants appeal. Affirmed in part, and reversed in part and rendered.

H. E. Trippet and Cureton & Cureton, for appellants. Geo. B. Robertson and J. P. Word, for appellees.

RICE, J. Appellee Waldo E. Carter, during the year 1909, rented his farm in Bosque county to his brother, J. B. Carter, furnishing him team and tools to cultivate same, and among others the mule for the conversion of which this suit for damages was instituted. It seems that J. B. Carter, during said year, became indebted to several parties, among others the appellants herein. On the 20th of November, 1909, appellants filed suit in the justice's court on their claim against J. B. Carter, and sued out an attachment which was on the same day levied upon one of the mules belonging to appellee Waldo E. Carter. Peter & Co. likewise filed suit and issued an attachment against J. B. Carter, which was also levied on the same mule; and, within two days thereafter, Phillips, another of J. B. Carter's creditors, filed suit against him, also levying a writ of attachment upon said mule. On the 25th of said month J. B. Carter made a satisfactory settlement with appellants, who released their claim upon said mule, agreeing with appellee, who was then present, to return it to him on the next morning, but failed to do so because the constable declined to surrender possession of said mule, as he held it under the writs in favor of the other parties above named. Subsequent thereto the Peter & Co. claim was dismissed, and the Phillips case was prosecuted to judgment, attachment lien foreclosed on the mule, and the same was sold to satisfy said judgment. Thereafter Waldo E. Carter brought this suit in the district court of Bosque county against appellants and J. B. Carter for actual and exemplary damages for unlawfully and maliciously causing said writ to be levied upon said mule, laying his actual damages in the sum of $200 and his exemplary damages in the sum of $500. Appellants answered, alleging that appellee's claim for exemplary damages was false and fraudulent and made for the purpose of conferring jurisdiction upon the district court;

second, a general denial, and, third, a special answer setting forth the fact that the mule was levied upon under the bona fide belief that the same was the property of J. B. Carter, that the same was done without malice or ill will towards appellee, and that they, in accordance with their agreement with appellee, undertook to return the mule to him, but were unable to do so by reason of the fact that the constable declined to surrender the mule to them on the ground that he held it by virtue of the writs of attachment sued out in the other cases above referred to, and therefore were not responsible for its conversion. They likewise pleaded an estoppel, alleging that appellee had received a portion of the proceeds of the sale of the mule under the Phillips attachment. There was a jury trial, resulting in a verdict in behalf of the plaintiff on the plea to the jurisdiction and against appellants for the sum of $153.75 actual and $75 exemplary damages, and in favor of J. B. Carter, from which this appeal is prosecuted.

Error is assigned on the charges of the court submitting the issue raised by the plea to the jurisdiction, which we think it unnecessary to discuss, for the reason that no evidence was offered by appellants in support thereof.

[1] The court peremptorily directed a verdict in favor of appellee for the reasonable value of the mule alleged to have been converted by appellants, which is assigned as error, on the ground that the evidence did not warrant this charge. Among other things, they contend that notwithstanding the fact that the constable at their instance levied upon and took the mule out of appellee's possession, yet appellee having agreed to receive the mule, and they having made a bona fide effort to return it, but were unable to do so because the same was in custodia legis, they were not guilty of conversion of the mule, and therefore appellee was not entitled to recover for its value. We think the uncontroverted evidence shows that the mule was the property of Waldo E. Carter, for which reason the charge was correct, unless it can be held that the bona fide effort to return the mule on the part of appellants, which they were prevented from doing by the fact of its being held under said other writs, would excuse appellants' failure to return it. If the mule had been returned under the agreement, it would have been a good defense to appellee's action; but, where a person wrongfully converts the property of another, the owner would have the right to bring an action either for the property itself or for its value; and, having brought the suit for the value of the property, he would have the absolute right to refuse to receive it if it were tendered to him. So, in the present case, it is immaterial whether appellants were unable to

---

\*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key No. Series & Rep'r Indexes

return the mule. Having wrongfully taken possession of it, they were responsible to plaintiff for its value, unless the same was returned to and accepted by him. Crawford et al. v. Thomason, 53 Tex. Civ. App. 561, 117 S. W. 181; Field v. Munster, 11 Tex. Civ. App. 341, 32 S. W. 421. For which reason, in our judgment, there was no error in so directing a verdict in behalf of appellee.

[2] The court properly refused appellants' special charge on the subject of estoppel, because the evidence did not show that appellee Waldo E. Carter had ever received the check mentioned therein, above referred to, or had ratified its receipt by his attorney. Besides, if it had been received by him, it could not have entirely defeated his right of recovery, but only reduced the same to the extent thereof, which was for an amount less than the value of the mule.

[3] On the subject of exemplary damages, the court directed the jury to find in favor of plaintiff if they believed that the attachment was wrongfully levied, without reasonable grounds for believing that the mule was the property of J. B. Carter. This is assigned as error, because, in order for plaintiff to recover on this issue, he must not only show that the attachment was levied without probable cause, but must likewise show that it was maliciously and wrongfully levied. We think it is unquestionably true that, before a party can recover exemplary damages for the wrongful levy of a writ of attachment, it must appear, not only that the grounds upon which the levy was made were untrue, but the party suing out the same must likewise be shown to have acted maliciously and without probable cause for believing that he had a right to levy. Malice and the want of probable cause must both concur to support this plea. Neither alone is sufficient. See Culberson v. Cabeen, 29 Tex. 255, 256; Melvin et al. v. Chancy, 8 Tex. Civ. App. 252, 28 S. W. 241–243; Lister et al. v. Campbell, 46 S. W. 877.

[4] Appellants likewise complain that the court erred in refusing to grant their motion for new trial on the ground that the evidence was insufficient to sustain the plea of exemplary damages. After a careful examination of the record, we fail to find any evidence which in our judgment was sufficient to warrant the verdict in this respect. It is true, the evidence shows unquestionably that the mule at the time of the levy was the property of the plaintiff; but it does not appear that appellants knew that it belonged to him at the time it was levied upon. The evidence showed that the mule at that time was in the possession of J. B. Carter, their debtor, who had had the same, exercising acts of ownership over it, for a long time. It appears that he had offered to sell it, claiming to own it. The evidence further shows that there was no malice or ill will on the part of appellants or any of their agents towards the plaintiff; in fact, he was unknown to the agent who directed the levy. While it is true that the plaintiff testified that after the levy he called upon the appellants and claimed the mule, telling them that he was willing to make affidavit to the fact that he was the owner of it, and they refused to surrender possession, still it appears that in a day or such matter after that time he was in company with his brother when his brother paid off and satisfied the appellants' claim, at which time he voluntarily agreed to accept the mule if appellants would return it to him next day. We think the mere fact that appellants were mistaken in the ownership of the mule at the time of the levy, and their failure to surrender it upon immediate demand, is not alone sufficient upon which to predicate the plea for exemplary damages. Appellants might well, under the circumstances disclosed by the record, have declined to surrender the property until they had reasonable opportunity for investigating the bona fides of the claim of the plaintiff, without subjecting themselves, in our judgment, to be mulcted in vindictive damages. We therefore think that the judgment for exemplary damages was not warranted by the evidence, and it was the duty of the court to have peremptorily instructed a verdict in behalf of the defendant on this issue. It therefore becomes our duty to render such judgment on this feature of the case as the court below should have rendered. Hence we now here reverse the judgment in this respect, and render judgment in favor of appellants and against appellee on this plea, but affirm the judgment in all other respects, the costs of this appeal being taxed against the appellee.

Affirmed in part, and in part reversed and rendered.