SMITH v. ADAMS.   (No. 5369.)

(Court of Civil Appeals of Texas.   Austin.
April 29, 1914.)

Courts (§ 163*) — Jurisdiction — County Courts—Nature of Controversy.

Where a purchaser advanced $700 of the price to the vendor, who executed a note therefor with an indorsement that he would accept the note as cash when the purchaser accepted title, but if title could not be made good within a specified time the vendor would pay interest as specified in the note and the $700, the note became, in the event of the vendor's inability to make a good title, an ordinary note, and an action thereon was within the jurisdiction of the county court; title to land being at most only incidentally involved.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 410, 411, 443, 479, 1294; Dec.Dig. § 163.*]

Appeal from Madison County Court;   W. W. Sharp, Judge.

Action by A. L. Smith against J. Q. Adams. From a judgment of dismissal for want of jurisdiction, plaintiff appeals. Reversed and remanded.

W. E. Terrell, of Teague, for appellant.

JENKINS, J. Appellant brought suit upon a note executed by appellee for the sum of $700. On the back of this note was the following indorsement: "I hereby agree to accept this note in face value $700, with interest on same on part cash payment of 250 acres of land I have contracted to A. L. Smith when title accepted, but if title cannot be made good within six months from date, I will pay interest as specified in note and will pay back the $700 back to A. L. Smith. [Signed] J. Q. Adams." Appellant alleged that on November 24, 1911, he and his mother entered into a written contract with J. Q. Adams, by which he and his mother agreed to buy 250 acres of land from defendant, on condition that said Adams would make good, merchantable title to said land, and furnish a complete abstract of title, to be placed in the Farmers' Guaranty Bank at North Zulch, Tex., and upon compliance with this agreement the appellant and his mother would pay appellee $2,900 for said land. Appellant alleged that appellee did not furnish an abstract, and did not tender a deed within the time specified in said contract. The transaction, as shown by the pleadings, was that appellant advanced to appellee $700 on said trade, which was to be repaid if appellee did not furnish abstract and title within the time required, and petition herein alleges failure on the part of appellee to comply with said contract. This being true, the instrument sued on becomes an ordinary promissory note. The trial court sustained a plea to the jurisdiction, and dismissed the suit, for the reason that it appeared from the petition that this was a suit involving the trial of title to land. In this the trial court was in error. The suit does not involve title to land, but only a question of fact as to whether or not appellee is indebted to appellant upon said note by reason of his failure to comply with his contract to convey land. At most, it can only be said that title to land is incidentally involved, and this does not deprive the county court of jurisdiction. Melvin v. Clancy, 8 Tex. Civ. App. 252, 28 S. W. 241; Springer v. Collins, 108 S. W. 758.

For the reasons stated, the judgment of the trial court is reversed, and this cause remanded for a new trial in accordance with this opinion.

Reversed and remanded.