BRECKENRIDGE ICE & COLD STORAGE CO. v. JOHNSON. (No. 10643.)

(Court of Civil Appeals of Texas. Fort Worth. April 26, 1924. Rehearing Denied May 31, 1924.)

1. **Vendor and purchaser** ⊜⇒274(3)—**Matters showing libel or slander no set-off to vendor's lien notes.**

In suit to foreclose vendor's lien notes, vendees could not set off matters showing possible cause of action against plaintiff for libel or slander.

2. **Sequestration** ⊜⇒21—**Malicious motive in issuing writ did not render plaintiff liable.**

If the writ is lawfully issued on probable cause, plaintiff is not liable for damages for

issuance, though he acted with malicious motive.

**3. Sequestration ⬬➾21—Actual damage necessary to recovery for loss of business, injury to character, etc.**

In the absence of showing of actual damages resulting from issuance of writ of sequestration by plaintiff, defendant could not recover for loss of business, injury to its character, or humiliation or injury to credit.

Appeal from District Court, Stephens County; C. O. Hamlin, Judge.

Suit by E. A. Johnson against the Breckenridge Ice & Cold Storage Company and another. Judgment for plaintiff, and named defendant appeals. Affirmed.

Hawkins, Hawkins & David, of Breckenridge, for appellant.

T. Edgar Johnson and Chas. H. Clark, both of Breckenridge, for appellee.

BUCK, J. Appellee, E. A. Johnson, formerly owned a certain tract of land situated in the city of Breckenridge, on which was located an ice factory and cold storage rooms. On February 15, 1921, Johnson sold to W. J. Lowry an undivided five-twelfths interest in and to the land and improvements, and as a part of the consideration, Lowry executed one certain vendor's lien note for the sum of $5,140, due on or before September 1, 1921. On the same day Johnson conveyed to one George Byars an undivided five-twelfths interest in and to said property, and ten vendor's lien notes in the sum of $1,000 each, and one vendor's lien note in the sum of $2,677, all payable to Johnson, were executed and delivered. Thereafter, on March 23, 1921, said Lowry and Byars conveyed their ten-twelfths interest in the property aforesaid to the Breckenridge Ice & Cold Storage Company, a corporation, and in said deed said company expressly assumed the vendor's lien notes given by Lowry and Byars to Johnson. Subsequently Johnson conveyed to the Breckenridge Ice & Cold Storage Company, hereinafter called the ice company, his undivided two-twelfths interest in said property, thereby making said ice company the full owner of said property, subject to the vendor's liens aforementioned. Thereafter, by an agreement between the ice company and Johnson, the lien retained by Johnson in the sale to Byars and Lowry was extended to cover the entire property, and secure the remaining indebtedness at that time due on the notes. On March 4, 1922, Johnson sued the ice company for the balance alleged to be due on the said vendor's lien notes, and made a party defendant the Republic Power & Service Company, which, it was alleged, had a junior mortgage or lien on the premises theretofore conveyed to the ice company. It was prayed that on final hearing the plaintiff have judgment for his debt, interest, and attorney's fee, etc., and that his vendor's lien be adjudged superior to the mortgage of the defendant Republic Power & Service Company, and that he have a foreclosure of his lien on the land and premises described.

A writ of sequestration was sued out by plaintiff and levied on the lands and property theretofore conveyed to the ice company, but the evidence shows that the sheriff in levying said writ, and at the request of the plaintiff, did not take manual possession of the property, or in any way interfere with the control and management of it by the defendant ice company. Judgment was rendered on January 26, 1923, for plaintiff for his debt, and fixing and foreclosing the vendor's lien theretofore given. The judgment also recites that the mortgage lien held by the Republic Power & Service Company is a junior lien, subject to the vendor's lien owned by the plaintiff. The judgment further recites:

"And it further appearing to the court from the law and evidence that the writ of sequestration was lawfully issued in this case on the 24th day of April, A. D. 1922, and it further appearing to the court that the sheriff of Stephens county, Tex., did not take said property into his actual possession, and has not said property at this time in his possession, it is therefore ordered, adjudged, and decreed by the court that the plaintiff's lien, if any was created, by virtue of said writ of sequestration be and the same is hereby foreclosed, and the said sheriff is hereby ordered and directed to seize said property herein above described, and to sell the same as under execution for the purpose of satisfying the judgment herein rendered."

The ice company has appealed.

The appellant's first three assignments complain of the action of the trial court in sustaining the special exception contained in paragraph 8 of plaintiff's first supplemental petition, which exception is as follows:

"Plaintiff further specially excepts to that portion of paragraphs 13 and 13A, for the reason that it sets out the same matters heretofore pleaded by defendant in the motion to quash the writ of sequestration, which motion has heretofore been overruled by this court."

The allegations contained in defendant's answer and cross-action, against which plaintiff's exception was levied, are as follows:

"13. This defendant further shows unto the court that on the 4th day of March, 1922, the plaintiff went to the place of business of defendant in Breckenridge, Tex., and presented some of the notes described in plaintiff's first amended original petition to one Thorn, who was a laborer for this defendant, and demanded from him that said notes be paid; that said Thorn told plaintiff to present the notes to some of the officers of the company, where-

upon plaintiff told Thorn that the business of defendant was being conducted in a fraudulent manner, and that McIndoo and Morgan, who were the officers of this defendant, had given several false and fake mortgages for the purpose of beating plaintiff out of the money that was justly due him, and that said officers were under several indictments, both in Little Rock, Ark., and elsewhere throughout the country, and that they were notorious crooks, and plaintiff, Johnson, caused said allegations to be repeated throughout the town of Breckenridge, Tex., to the great damage of this defendant, in the sum of $5,000; that thereafter the plaintiff, Johnson, went to Waco, Tex., and induced G. E. Byars to make up a claim against this defendant, and induced one Ginsburg, an attorney at Waco, Tex., to believe and repeated to the said Ginsburg and to the said Byars that the officers of this defendant were conducting the business of this defendant in such a manner as to defeat the just claims of the creditors, and particularly the claim of plaintiff; that the said Byars had no claim whatever against this defendant, and that no claim of the said Byars was listed in the list of liabilities left with the officers of this defendant at the time the assets were sold by the said Byars and Lowry and Johnson to the present stockholders of this defendant; that nevertheless the said Johnson maliciously and willfully induced the said Ginsburg and the said Byars to prepare and file a petition in bankruptcy against this defendant in the United States District Court at Abilene, Tex., same being cause 900 in said court, and filed in said court on the 18th day of March, 1922, which said petition falsely and fraudulently alleged that this defendant was indebted to the said Byars; that thereafter this plaintiff induced the said Byars to withdraw his name from said petition, and upon a final hearing before the honorable United States District Court said petition in bankruptcy was dismissed, because the grounds thereunder alleged were not proven to be true; that immediately thereafter, and on the 24th day of April, 1922, the plaintiff herein, falsely, maliciously, and without probable cause, filed his affidavit for sequestration to be issued, which said writ was issued by the clerk of this court, and levied against all of the property and assets of this defendant, including all of the real estate and all of the equipment which was conveyed by the said Johnson and Byars and Lowry to this defendant, and in this connection this defendant shows that said affidavit was and is not in proper form as required by articles 7094 and 7095, R. S., in that:

"(a) The affidavit does not list each item of property separately.

"(b) Does not value the real estate separately from the personal property.

"(c) Does not follow the rule of the statute.

"13A. (a) And the bond filed therein is defective, for the reason that it is not payable to all of the defendants.

"(b) It is not in double the actual value of the property; and in this connection this defendant shows that the said bond is signed by E. A. Johnson as principal and H. Carlton Walker and C. E. Martin as sureties, and is given in the sum of $50,000."

[1, 2] A goodly portion of paragraph thirteen of the defendant's first amended origi-

nal answer sets up matters and conduct of the plaintiff not connected with the question of whether the writ of sequestration was lawfully or unlawfully sued and levied, but recites conduct and statements of the plaintiff occurring at a different time or times, and in a different place or places. Such conduct might have given defendant in this suit grounds for an action of libel or slander against plaintiff, but he could not recover therefor in this character of suit. As to the allegations of defects in the affidavit filed by plaintiff in connection with his application for writ of sequestration, and defects in the bond given, these matters were substantially urged in defendant's motion to quash the writ, which, it appears, had been by the trial court overruled. If the writ was lawfully issued, and the plaintiff had probable cause for causing it to be issued, he would not be liable for damages by reason of such issuance, even though he had malice in his heart toward the defendant at the time of the issuance. In 1 R. C. L. p. 319, it is said:

"Whatever a man has a legal right to do he may do with impunity, regardless of motive, and if in exercising his legal right in a legal way damage results to another, no cause of action arises against him because of a bad motive in exercising the right. It has been said that malicious motives make a bad case worse, but they cannot make that wrong which, in its essence, is lawful. When a creditor who has a just debt brings a suit or issues execution, though he does it out of pure enmity to the debtor, he is safe. * * * Where one has a valid cause of action against another, his motive in instituting suit is immaterial, and the fact that he is inspired by malice to bring it is no defense."

In Knowles v. Gary & Burns Co., 141 S. W. 189, writ refused, this court, speaking through Justice Dunklin, says:

"Appellant made no claim that the property levied upon was exempt from forced sale, nor that the levy was excessive. The only wrong complained of was that the writ was sued out and levied maliciously, and without probable cause. As the statute gave to plaintiffs the right to the seizure made, it was not wrongful, and defendant could claim no damages for the exercise of that legal right, even though in suing out the writ plaintiffs were actuated by a malicious intent"—citing cases.

See Salado College v Davis, 47 Tex. 131; Pye v. Cardwell, 110 Tex. 572, 222 S. W. 153.

Since the plaintiff had the right to a foreclosure of his vendor's lien on the premises, irrespective of any right under the writ of sequestration, it would appear that he did not lay himself liable in damages for suing out the writ of sequestration. Harling v. Creech, 88 Tex. 300, 31 S. W. 357; Wedig v. San Antonio Brewing Ass'n, 25 Tex. Civ. App. 158, 60 S. W. 567. It appears from the testimony in the case that the deputy sher-

iff who levied the writ did not actually take the property into his possession; that the plaintiff told the deputy that he hated to have to resort to the writ, and that he did not want to shut the plaintiff's business down, but wanted his pay, and wanted to make it safe and make them safe; that at the request of plaintiff the deputy did not close the defendant's business or take the property into his possession. We are of the opinion that under the facts shown and under the authorities cited the appellant has no reason for complaint on account of the action of the trial court in sustaining the plaintiff's exception to that part of the defendant's answer which attacked the sufficiency of the affidavit in sequestration and the bond filed therein. The assignment is overruled

Under its fourth, fifth and sixth propositions the appellant urges error in the action of the trial court in sustaining the special exception of plaintiff directed to paragraph 14 of defendant's first original answer. The exception urges that defendant's said pleading is uncertain and indefinite, and fails to allege that said writ of sequestration was malicious and wrongfully levied by the plaintiff on the property of the defendant, but only alleges that it was unlawfully levied, and for the further reason that such grounds had been theretofore set up by the defendant in the motion to quash plaintiff's writ of sequestration, and in an application for a writ of injunction sued out in the trial court to restrain plaintiff from having said writ of sequestration issued, and in both proceedings the trial court had ruled that the sequestration was lawfully issued.

Paragraph 14 alleges that on the day of the levy the plaintiff told various and sundry people that he was closing said business, and that this defendant would be put out of business; that at said time defendant had a cold storage room in which merchants of Breckenridge kept meat, vegetables, and fruits; that said rumor put out by Johnson "because of the said unlawful writ of sequestration being sued out and levied" caused practically all of the customers of this defendant to call and get their storage and remove it to the cold storage room of the competitor of this defendant, thereby destroying the good name and the business of this defendant, and causing him actual damage in the sum of $25,000. We think what we have said in discussing propositions 1, 2 and 3 controls and disposes of the questions raised in propositions, 4, 5, and 6.

[3] Appellant in other propositions urges that a defendant has a right both to plead and prove a cross-action, and that in this case it had the right, upon its pleadings already filed, to show by testimony that the writ of sequestration sued out by plaintiff was based upon a false affidavit and caused injury to the defendant. We do not think that the ruling of the trial court in sustaining plaintiff's special exceptions in propositions 8 and 9, as set out in its first supplemental petition, had the effect to prevent the defendant from introducing any evidence it might have in support of its allegations as to want of probable cause and malice on the part of plaintiff in having the writ of sequestration issued. The action of the court in sustaining said exceptions merely precluded defendant from offering any further evidence as to any defects in the affidavit, the writ, the bond, etc.. because the court had already passed upon these matters in, overruling the motion to quash. No actual damages are shown, and in the absence of actual damages the appellant would not be entitled to recover for loss of business or injury to its character, or humiliation, or injury to credit, etc. In Kirbs & Spies v. Provine, 78 Tex. 353, 14 S. W. 849, the Supreme Court said:

"The loss of business is not an element of actual damage. It is properly recoverable under a claim for exemplary damages."

See Kauffman v. Armstrong, 74 Tex. 65, 11 S. W. 1048, by the Supreme Court; Melvin v. Chancy, 8 Tex. Civ. App. 252, 28 S. W. 241; Hamlett v. Coates, 60 Tex. Civ. App. 589, 128 S. W. 1144; Galloway v. Morris & Co. (Tex. Civ. App.) 249 S. W. 284; 2 R. C. L. p. 911, § 123.

We have carefully considered the questions raised by appellant, and conclude that all assignments should be overruled, and the judgment affirmed, and it is accordingly ordered.