PUTTY et ux. v. PUTTY. (No. 3018.)

Court of Civil Appeals of Texas. Amarillo. April 25, 1928.

1. Courts ☞163—County court held to have jurisdiction over action to recover rent in which question of title was only incidentally involved.

In suit to recover value of rents alleged to belong to minors and to have been converted by defendants, in which defendants denied that minors had any title to land, but claimed title in themselves, county court was not without jurisdiction on ground that case involved determination of title, since question of title was incidental only to rights of minors to recover rent.

2. Deeds ☞193, 194(1)—Party relying on deed must prove its execution which includes its delivery.

Party relying on a deed must prove its execution, which includes its delivery.

3. Deeds ☞54—Undelivered deed conveyed no title.

In suit by guardian of minors to recover value of rents alleged to have belonged to minors and to have been converted by defendants, who had previously conveyed land to minors and their father, court was not authorized for purpose of rendering judgment for guardian to hold that minors had title to interest in land to which deed had never been delivered by defendants.

4. Deeds ☞136—Tenancy in common ☞28 (4)—Defendants' deed to son and children providing revenues were to support grantees created tenancy in common, entitling children to share of rent, less taxes paid by defendants to protect children's estate.

Deed by defendants to son and his children, prohibiting sale of land during minority of chil-

dren, and providing that revenues were to go to support of grantees, created tenancy in common, and authorized children to recover portion of rents derived from crops grown on land by defendants, subject to deduction for taxes paid by defendants on land under contract with son, which expenditure was necessary for protection of minor children's estate.

5. Taxation ☞531(2)—Cotenant removing tax lien on entire land held subrogated to lien to secure contribution from cotenant.

Where one cotenant removes an incumbrance, such as a tax lien, on whole land, cotenant, under principles of equity, should be subrogated to lien to secure contribution from cotenant for such share.

6. Tenancy in common ☞33—Under deed by parents to son and children creating cotenancy, son could contract with parents to pay taxes out of rents.

Where defendants conveyed land to son and his minor children, who at time had no legal guardian, by deed prohibiting sale during minority of children, and providing that revenues from land should go to support grantees, which deed created tenancy in common, son would have been authorized to pay taxes against land out of rents derived therefrom, and was authorized to contract that defendants should make payments out of rents and revenues.

7. Tenancy in common ☞28(4)—Hospital bill paid by defendants for minors with guardian's consent, if necessary, should be credited against rents recoverable by minors from lands conveyed by defendants, under deed creating tenancy in common.

In suit by guardian of minor children to recover value of rents alleged to have been converted by defendants, who had conveyed land to son and his children under deed creating tenancy in common, hospital bill paid by defendants for children with knowledge and consent of guardian, if necessary, should be credited to defendants against amount recoverable.

Appeal from Lubbock County Court; Charles Nordyke, Judge.

Action by Mary Putty, as guardian of the estates of Ordery Putty and others, minors, against Ed Putty and wife. Judgment for plaintiff, and defendants appeal. Reversed and remanded.

Lockhart & Garrard and F. D. Brown, all of Lubbock, for appellants.

Howard & Burks, of Lubbock, for appellee.

JACKSON, J. The appellee, Mary Putty, as guardian of the estates of Ordery, Lavern, and Ross Putty, minors, instituted this suit in the county court of Lubbock county, Tex., against Ed Putty and his wife, Mrs. Ed Putty, the appellants, to recover the value of certain rents alleged to have belonged to the minors and to have been converted by appellants.

The appellee alleges that the minors are the owners of a three-fourths interest in 200 acres of land situated in Lubbock county, Tex., which had been theretofore conveyed

by the appellants to F. M. Putty and said minors; that appellants are the grandparents of said minors and the father and mother of F. M. Putty, whose whereabouts is unknown; that the greater part of said land is a revenue producing farm and 120 acres thereof were rented during the year 1925 to U. S. Allen, who agreed to and did pay therefor, as rent, one-third of the feed and one-fourth of the cotton grown thereon; that the appellants farmed 80 acres of said land, under an implied agreement to pay, as rents therefor, one-third of the feed and one-fourth of the cotton; that F. M. Putty agreed with appellee, during the year 1925, that the appellants had assumed and agreed to pay taxes on said land, aggregating the sum of $320.99, for which the appellants were entitled to credit; that the rent cotton grown on said land during the year 1925 amounted to ten and one-fourth bales, of the aggregate value of $1,025, three-fourths of which belonged to said minors; that during the fall of 1925, or about January 1, 1926, the appellants unlawfully converted said rent cotton to their own use and benefit, to the damage of said minors in the sum of $768.75, for which amount the suit was brought in behalf of the minors.

The appellants, by proper plea, attack the jurisdiction of the county court to hear and determine the case, because the appellee had alleged that the minors were the owners of a three-fourths interest in said 200 acres of land, when in truth and in fact they were not the owners of such interest, as no deed had been delivered to any of said land save and except 80 acres thereof, and appellants were the owners of the other 120 acres in fee simple and entitled to the possession of and rents and revenues derived from same; that to determine the right of said minors to recover the court would necessarily be required to determine in whom title to said land is vested and said county court is without jurisdiction to determine said question; that the deed to F. M. Putty and said minors to the 80 acres of said land did not pass title thereto, because it was to pass title to the minors when they reached their majority.

In reply to appellants' plea to the jurisdiction, the appellee filed a general denial and alleged that the question of title was only incidental to the cause of action on which she sought recovery, and the plea was overruled.

The appellants answered the merits of the suit by general and special demurrers, general denial, and pleaded that they owned the 120 acres of land involved in fee simple, though F. M. Putty had been in possession thereof for some time, but had redelivered possession thereof in 1924 to appellants, on the agreement and understanding that they should pay certain indebtedness of the said F. M. Putty, including taxes on the 80 acres of land theretofore conveyed by them to F. M. Putty and said minors, and that, in pursuance to said contract, they paid said taxes and various other and sundry debts and obligations of the said F. M. Putty; that F. M. Putty began a crop on the 80 acres of land belonging to him and said minors in the year 1925 and mortgaged the same for an indebtedness of $500, but on or about March 8, 1925, he abandoned his wife and children and left the country, since which time his whereabouts have been unknown; that appellants took charge of the crop that had been begun by him on said 80 acres of land, cultivated and harvested it at their own cost and expense, all of which was done with the knowledge and consent of appellee, and out of the proceeds derived therefrom paid said mortgage, taxes, and $109 hospital bill for the minors, together with other debts of F. M. Putty, all of which exceeded the rents derived from all of said lands.

In response to special issues submitted by the court, the jury found that there was harvested from the 200 acres of land, for the year 1925, 12,000 pounds of lint cotton of the market value of 21 cents per pound, and 9,775 pounds of bolie cotton of the market value of 8 cents per pound, and upon these findings the court rendered judgment for the appellee for the sum of $619.12, with interest from January 1, 1926, at the rate of 6 per cent. per annum, from which judgment this appeal is prosecuted.

The record discloses that the appellants are the father and mother of F. M. Putty and the grandparents of the minors, and that Mary Putty, the guardian and appellee herein, is the wife of F. M. Putty; that the appellants on February 4, 1920, conveyed to F. M. Putty and said minors 80 acres of said land, in consideration of the love and affection they had for the grantees, and provided that said land was not to be sold or traded during the minority of the minors, but the produce and revenues of the same were to go to the support of F. M. Putty and said minors during their minority, and, in the event of the death of F. M. Putty before the minors reached their majority, the title to said 80 acres was to pass to them, share and share alike; that F. M. Putty and the appellee, with their children, moved on to the 80 acres of land and farmed it, together with the other 120 acres, either by themselves or through tenants, until the latter part of 1924, at which time, by agreement with the appellants, the possession of the 120 acres was turned back to appellants, who agreed to pay certain taxes and other indebtedness, and who rented the land, with the consent of F. M. Putty, for the year 1925, to U. S. Allen; that F. M. Putty abandoned his family and left to parts unknown in March, 1925, and the appellants took charge of and cultivated the 80 acres of land belonging to F. M. Putty and said minors, and that appellee, about two months after the departure of her husband, moved off of the 80 acres of land and went to her moth-

er's in Throckmorton county, where she resided for about six months, after which she returned to the 80 acres of land, upon which she was residing at the time of the trial; that the appellants paid all the expenses for making and harvesting the crop on said 80 acres of land, paid the delinquent taxes thereon, and various and sundry bills, among which was the $109 hospital fees incurred for the benefit of the minors; that the appellants made a deed to F. M. Putty and said minors, probably in 1921, to the 120 acres of land, but it was not recorded, was not delivered, but appellants kept it in their possession, in their box at the bank; that neither F. M. Putty nor the minor children ever made any improvements on said 120 acres of land of any kind or character; that the appellants had placed a well and windmill thereon and a four-room house, and paid all the taxes on said 120 acres, and taxes for four years on the 80 acres.

There are many other facts and circumstances in the record, but we deem the above sufficient for the purpose of reviewing the questions presented on this appeal.

[1] The appellants, by proper assignment, challenge as error the action of the court in overruling their plea to the jurisdiction of the court, because the suit involved a determination of the title to the land.

"The suit was not one 'for the trial of title to land,' or 'for the recovery of land.' The two expressions used in the Constitution in defining the jurisdiction of the district and county courts are evidently intended to convey the same meaning, and have reference to cases where the title to land is to be determined, or its recovery had, by the judgment sought. In actions for a debt or damages, in amounts within the jurisdiction of the county courts, the right of recovery may depend upon the title to land. The court having the power expressly given to determine such right to recover must decide all questions of law and fact upon which its determination depends. Thus the question of title comes incidentally into the case, and must be decided before the court can render judgment settling the claims in dispute. But in doing so it does not adjudicate or settle the title to the land, nor the right to recover it, but simply determines that the plaintiff is or is not entitled to recover the thing sued for within the jurisdiction. In the present case, if plaintiff owned the land, she had the right to recover for the trespass upon it. On the other hand, if defendant owned the land, or if plaintiff did not own it, defendant was not liable to plaintiff for taking gravel. Of course, either party might have rights in the land, growing out of the right of possession, and not dependent on the question of title, but they are not involved in this case." City of Victoria v. Schott, 9 Tex. Civ. App. 332, 29 S. W. 681.

To the same effect are the holdings in Mel-

vin et al. v. Chancy, 8 Tex. Civ. App. 252, 28 S. W. 241; Hamm v. Hutchins, 19 Tex. Civ. App. 209, 46 S. W. 873; Kalteyer v. Wipff (Tex. Civ. App.) 65 S. W. 207; Springer v. Collins et al. (Tex. Civ. App.) 108 S. W. 758; Coy v. Rowland (Tex. Civ. App.) 164 S. W. 14; Smith v. Adams (Tex. Civ. App.) 167 S. W. 30; Robinson et al. v. Clymer (Tex. Civ. App.) 170 S. W. 107.

It will be noted that the amount sued for and the questions presented were all within the jurisdiction of the court, and the passing upon the title was incidental only to the rights of appellee to recover.

The above authorities, we think, are conclusive against appellants' contention on the question of jurisdiction.

The appellants present several other assignments of error, which we deem it unnecessary to discuss separately, but which are disposed of by the following principles and authorities.

[2] The deed of appellants to F. M. Putty and the minors, covering 120 acres of the 200 acres of land, mentioned in appellee's petition, had never been delivered. Appellee alleged that the land had been conveyed by appellants to F. M. Putty and her wards, and a party relying on a deed must prove its execution, which includes its delivery. This is the unquestioned law in this state, and, while we deem citation of authorities unnecessary, we note Koppelmann et al. v. Koppelmann, 94 Tex. 40, 57 S. W. 570, and Steffian et al. v. Milmo National Bank, 69 Tex. 513, 6 S. W. 823.

"There must be a delivery of the instrument declaring the gift, in order to make such gift valid." 28 C. J. 638.

"It is settled law in this state that where there has been a parole gift of land, and the donor put in possession, and thereby induced to expend large sums of money in making improvements, equity will enforce the gift [citing authorities], but it is necessary to the validity of a parol sale or gift of land in Texas, however the rule may be elsewhere, that possession be delivered and substantial and valuable improvements made, with the consent or knowledge of the vendor, upon the faith of such gift or sale; and that the mere taking possession or making improvements of insignificant value is not sufficient, especially where the value of the rents exceeds that of the improvements." Wooldridge v. Hancock, 70 Tex. 18, 6 S. W. 818.

"Mere delivery of possession is not in itself sufficient to authorize the interposition of a court of equity in arresting the action of the statute of frauds on any sale or gift of land not shown by some memorandum in writing." Altgelt v. Escalera, 51 Tex. Civ. App. 108, 110 S. W. 989, and authorities cited.

See, also, Hooks et al. v. Bridgewater, 111 Tex. 122, 229 S. W. 1114, 15 A. L. R. 216.

[3] There is some testimony that the appellants had stated that they had given the

land and were going to give the land to F. M. Putty and the minors, but, under the facts revealed by this record, the court was not authorized, for the purpose of rendering judgment for appellee, to hold that the minors had title to a three-fourths interest in the 120 acres of land, to which the deed had never been delivered.

[4] The deed which appellants made and delivered to F. M. Putty and the minors, covering the 80 acres of land, constituted them cotenants in said tract of land, and, while it prohibited the sale thereof during the minority of the minors, it provided that the revenues therefrom were to go to the support of the grantees in the deed, and the facts in the record authorize the appellee to recover, for the minors, three-fourths of the rent derived from the cotton grown on said 80 acres of land, but the appellants were entitled to have deducted therefrom the taxes paid by them against said tract of land under contract with F. M. Putty, because such expenditure was necessary for the protection of the minors' estate.

[5] "Where one cotenant removes an incumbrance, such as a tax lien, upon the whole land, it would seem clear, upon principles of equity, that he should be subrogated to such lien to secure contribution from his cotenant for his share." Bailey v. Laws, 3 Tex. Civ. App. 529, 23 S. W. 20.

[6] Undoubtedly F. M. Putty, the father of these minors, who, at that time, had no legal guardian, would have been authorized to pay the taxes against the land out of the rents and revenues derived therefrom, and, in our opinion, he was authorized to contract with his parents that they make such payment out of such rents and revenues. Goldberg v. Zellner (Tex. Com. App.) 235 S. W. 870.

[7] We are also of the opinion that, should the facts show that the hospital bill was necessary, it being uncontroverted that it was paid by appellants, they should likewise have credit for said amount, this bill having been created and paid with the knowledge and consent of the mother, who is now the legal guardian of the children.

The judgment is reversed, and the cause remanded.