## SOUTHWESTERN BELL TELEPHONE CO. v. BURRIS et al.

### No. 2512.

Court of Civil Appeals of Texas. Beaumont.

Feb. 1, 1934.

W. O. Seale, of Lufkin, and John T. Garrison and C. E. Coolidge, both of Houston, for appellant.

C. W. Falvey, of Lufkin, for appellees.

WALKER, Chief Justice.

Appellees have filed no brief, and our statement is taken from appellant's brief without examination of a rather lengthy statement of facts. On March 8, 1929, Mrs. W. J. Largent, a widow, conveyed to appellant an easement 50 feet wide across her homestead of 67 acres on the Longorio survey No. 24 in Angelina county. This land was part of the community estate acquired by Mrs. Largent and her deceased husband during his lifetime. The appellees are Stella Burris and her husband, John Burris, Eva Adams and her husband, A. Adams, T. C. Largent, by his next friend, John Burris, and Oscar Willis Largent, by his next friend, John Burris; the evidence is to the effect that two of the appellees are the surviving children of the deceased Mr. Largent, and there is no evidence as to the relationship of the other appellees.

This suit was filed by appellees. in justice court, claiming that appellant had entered upon the easement above described and had committed waste thereon by cutting certain shade trees and commercial timber; that they owned a half interest in the land; and that their damages amounted to the sum of $200. In justice court they were awarded judgment for that sum. Upon trial in the county court to a jury, on appeal duly perfected by appellant from the justice court judgment, appellees were awarded judgment in the sum of $175.

The first contention is that the court erred in overruling appellant's plea to the jurisdiction of the justice and county courts. The proposition is that this suit involved proving title to land within the meaning of subdivision 4 of article 1906, R. S. 1925; section 8, article 5, of the state Constitution. This contention is overruled. In proving the issues pleaded by appellees, the title to the land was only incidentally involved. Melvin v. Chancy, 8 Tex. Civ. App. 252, 28 S. W. 241; Putty v. Putty (Tex. Civ. App.) 6 S.W. (2d) 136.

However, reversible ·error was committed in the following particulars. As stated above, there was proof of relationship or inheritance as to only two of the appellees. There was no proof as to the extent of their interest in the land nor of the nature of the claim of the other appellees. Without this proof appellees were not entitled to judgment.

The proof was insufficient to support the judgment that appellees were damaged in the sum of $175. Two witnesses testified that a certain gum tree would have been worth to them the sum of $50. Such testimony was not admissible on the issue of market value. If it be conceded that this evidence referred to two different trees and that this testimony was admissible, it raised an issue of damages only to the amount of $100, in which appellees claimed a half interest. Under the statement made by appellants this was the extent of the damages proven.

Issues Nos. 3 and 4 were as follows: "Did the defendant do any damage to the land, shade trees and timber of the plaintiffs in going across said land?"

544

"What amount of damages in dollars and cents did the plaintiffs sustain by reason of the defendant going across their land?"

Appellant excepted to these questions on the ground that they did not submit the issues raised by appellees' pleading. Appellees did not plead that they had been damaged the difference between the market value of the land before appellant entered and after it entered, but their pleadings related only to the value of the timber cut and removed by appellant. The issues should have been so framed as to conform to the pleadings.

■ On another trial the issue of the market value of the timber destroyed should be submitted to the jury with a proper definition of market value, as insisted upon by appellant in its exceptions to the court's charge.

■ In his closing argument to the jury it was reversible error for counsel for appellees to refer to "this big rich company," "this big monied powered corporation against these poor and penniless plaintiffs," "this Southwestern Bell Telephone Company worth millions of dollars," "this corporation with millions. Millions and millions of money." "This Southwestern Bell Telephone Company with its capital of millions of dollars"; "these poor powerless and penniless plaintiffs against these rich corporations."

For the errors stated, the judgment of the lower court is reversed and the cause remanded.